**HAYES et al. v. COMMERCIAL STANDARD INS. CO.**

**No. 14055.**

Court of Civil Appeals of Texas. Fort Worth.

April 12, 1940.

Rehearing Denied May 17, 1940.

Geo. C. Kemble and S. Langford Carlton, both of Fort Worth, and Lillard & Gibbons, of Oklahoma City, Okl., for appellants.

Buck & Knapp, of Fort Worth, for appellee.

BROWN, Justice.

This is a Workmen's Compensation case that has caused us no little concern.

We apologize for not having decided the case sooner, but our desire to reach an unanimous conclusion, after repeated consultations, has prompted the delay.

252

Mattie Mae Burleson, an unmarried minor, was employed as a waitress, in the Coffee Shop of the Texas Hotel (of Fort Worth) and on or about November 29th, 1937, claims that she sustained a fall, by slipping on a wet, "slick" place, from which she sustained bodily injuries. Her chief complaint is that the fall tore her uterus from its natural place, causing her the flooding, pain and suffering upon which she relies to sustain her suit for compensation.

She did not file her claim and give notice until early in September, 1938, and she alleged that she had good cause for not doing so sooner, in that she did not know until on or about August, 1938, that her fall was the cause of her injuries; that she was not advised by any physician who treated her prior to August, 1938, that the fall caused her injuries; that she was a girl about 20 years old, and not skilled in medical matters; that had she known the true facts she would have filed her claim, etc., sooner.

Her claim was refused by the Industrial Accident Board, as shown by its judgment, solely upon the theory that the evidence adduced by her failed to show that her condition is the result of an accidental injury suffered in the course of her employment.

Having appealed from the Board's award, the cause was lodged in the District Court of Tarrant County and tried to a jury. When the taking of evidence was concluded, the trial court instructed the jury to return a verdict for the defendant insurance carrier on its motion therefor.

Judgment was rendered for the defendant and the plaintiff and her husband, whom she married since filing her suit, have appealed.

■ The trial court must have instructed a verdict for the defendant upon the theory that under the testimony it has been shown that good cause for not sooner giving notice and filing her claim does not exist as a matter of law. That is to say, that, viewing the evidence adduced from every standpoint, reasonable minds cannot differ on the question of whether or not this claimant has shown good cause for not presenting her claim sooner.

■ One of the outstanding cases before our Supreme Court is that of Mingus v. Wadley et al., 115 Tex. 551, 285 S.W. 1084, and in that case we are admonished to construe liberally the Workmen's Compen-

sation Acts out of which the cause before us grows (Art. 8307, Rev. Civil Statutes).

We do not believe that it will serve any good purpose to set out in this opinion all of the evidence and testimony, which must be looked to in determining whether or not an issue of fact, on the question of "good cause" for not sooner giving notice and filing a claim, is shown.

No two cases will ever be exactly alike, and we shall content ourselves with saying that the evidence is conflicting, in that the claimant's testimony is, in several instances, shown to be contradictory.

■ We take it that, in such a situation, even though it may appear to us that the overwhelming preponderance of the evidence is to the effect that the claimant did not show "good cause" for not sooner presenting her claim, nevertheless we are not privileged to act upon such hypothesis here, because the trial court has refused to permit the jury to weigh such evidence and to make findings thereon.

■ For the reason that we do not believe we have such right here, it follows that the trial court had no such right to do so, in a cause tried to a jury.

The very recent case of New St. Anthony Hotel Co. v. Pryor et al., Tex.Civ. App., 132 S.W.2d 620, in which a writ was refused, clearly states the rule respecting the disposition of a case before a jury, where the plaintiff's testimony is conflicting. An issue is thus raised for the jury to determine. Many cases are cited.

■ We believe that the issue of "good cause" for not sooner giving notice and filing her claim is raised by the evidence and that the trial court erred in instructing a verdict for the defendant.

Such cases as Petroleum Casualty Co. v. Dean, 132 Tex. 320, 122 S.W.2d 1053; Texas Employers Ins. Ass'n v. Roberts, 116 S.W.2d 417 (by our court, and in which a writ was granted but not on the issue here presented), and many cases cited in the opinion by Mr. Justice Speer; Traders & General Ins. Co. v. Jacques et al., Tex.Civ. App., 131 S.W.2d 133, writ dismissed—correct judgment; Texas Employers Ins. Ass'n v. Little, Tex.Civ.App., 96 S.W.2d 677, writ dismissed. Many other cases could be cited, and many are cited in the opinions noted supra.

We believe that the instant suit, which is shown to have arisen over internal injuries.

affecting the procreative organs of a young woman, about twenty years of age, unmarried and untutored in diseases peculiar to women, under the circumstances shown in this record, distinguishes her case from those relied upon by the appellee, viz; Fox v. Texas Employers' Ins. Ass'n, Tex.Civ. App., 94 S.W.2d 569; Cunningham v. Fidelity & Casualty Co. of New York, Tex. Civ.App., 102 S.W.2d 1106, writ dismissed; General Accident Fire & Life Assur. Corp. v. Martin, Tex.Civ.App;, 110 S.W.2d 258; Durham v. Texas Indemnity Ins. Co., Tex. Civ.App., 60 S.W.2d 255, writ dismissed; Petroleum Cas. Co. v. Fulton, Tex.Civ. App., 63 S.W.2d 1068; Maryland Cas. Co. v. Johnson, Tex.Civ.App., 87 S.W.2d 342, writ dismissed, and such similar cases.

There is yet another reason why we believe that the plaintiff below should not be barred on the theory that she did not give notice of her injuries and assert her claim before the Industrial Accident Board, within the prescribed time, as shown by Section 4a of Article 8307 (Rev.Civil Statutes).

It appears that the plaintiff was a minor when she alleges she suffered the accident and was injured, and it further appears that she was a minor when her "notice" was given and her claim was filed with the Industrial Accident Board, and that she was a minor when she appealed from the ruling and judgment of such board; and at the time she filed her suit, it was brought by her next friend, viz: her father.

Article 8306, Section 13 (Rev.Civil Statutes) provides: "If an injured employé is mentally incompetent or is a minor or is under any other disqualifying cause at the time when any right or privileges accrue to him or exist under this law, his *guardian or next friend may in his behalf claim and exercise such rights and privileges except as otherwise herein provided. In case of partial incapacity or temporary total incapacity, payment of compensation may be made direct to the minor and his receipt taken therefor, if the authority to so pay and receipt therefor is first obtained from the board.*" (Italics ours.)

Our Supreme Court has established for us the rule to liberally construe these Workmen's Compensation Statutes.

We find nothing in the law that indicates an attempt upon the part of the Legislature to repeal any of the Statutes of Limitation found in Title 91, art. 5507 et seq., Vernon's Annotated Civil Texas Statutes, insofar as they affect the rights of minors, and we do not hold that they are repealed by implication.

Under our Workmen's Compensation Laws, the next friend or guardian of the minor employee, who is injured, *may* exercise these statutory rights of the infant, but we find nothing in the law requiring that this be done, within the period of time designated by the statute, and providing that the failure of the guardian or next friend to so do will bar the infant's rights.

This question has not been before our Supreme Court, so far as our investigation of the authorities discloses, and the question is one of first impression, in Texas.

To our way of thinking, this minor, because of her minority, has shown good cause for not sooner attempting to obtain relief under the rights given her through the Workmen's Compensation Laws.

The judgment is reversed and the cause is remanded.

### On Motion for Rehearing.

Since we disposed of this case on its merits, counsel for appellant calls our attention to the case of Maryland Casualty Co. v. Landry, 129 S.W.2d 755, 758, in which a writ of error was dismissed because the judgment of the Court of Civil Appeals is correct.

In stating the case, the opinion observes that the employee was injured on October 13th, 1936, but did not file his claim until May 12th, 1937, and that the jury found that there was good cause for not sooner filing his claim.

This matter must have been presented to the Court of Civil Appeals as error requiring a reversal, since only three questions presented are discussed and the third was disposed of by the Court in the following language: "Appellee was a minor when he was injured, and did not attain his majority until several months after his claim was filed with the Industrial Accident Board. He had no legal guardian of his estate, and no one purported to act for him as 'next friend.' On these facts the minority of appellee, as a matter of law, constituted 'good cause,' as defined by Art. No. 8307, Sec. 4a, Revised Civil Statutes; on the issue of appellee's minority see Art. No. 8306, Sec. 3."

We do not know what facts were pleaded as showing "good cause", other than the

254

employee's minority, but we find the Court of Civil Appeals disposing of the assignment of error solely on the fact of his minority.

The motion for rehearing is overruled.