**ALLSTATE INSURANCE COMPANY,**
Appellant,

v.

**Faye MAINES, Appellee.**

**No. 489.**

Court of Civil Appeals of Texas,
Houston (14th Dist.).

May 19, 1971.

Rehearing Denied June 9, 1971.

Ronald C. Kline, Bracewell & Patterson, Houston, for appellant.

James R. Watson, Jr., Robert E. Hall, Dixie, Wolf & Hall, Houston, for appellee.

BARRON, Justice.

This is a workmen's compensation case tried to a jury in District Court of Harris County. The jury found that Faye Maines, claimant, designated here as plaintiff, was totally and permanently disabled as the result of an injury she received while working for Sears Roebuck and Co.; that she notified her employer of said injury within thirty days of its occurrence; and that she had "good cause" for delaying the filing of her claim with the Industrial Accident Board. Judgment was accordingly rendered in favor of plaintiff for total permanent disability.

The appellant, Allstate Insurance Company, the insurance carrier, designated defendant here, has appealed, essentially contending that special issues number 12, 13 and 14 relating to "good cause" have no support in the evidence or are against the great weight and preponderance of the evidence; and that there is no evidence to support special issue number 4, dealing with the jury's finding concerning total permanent disability or that the evidence concerning same is against the great weight and perponderance of the evidence.

■ On this appeal we are required on the "no evidence" questions to consider only that evidence, if any, which, viewed in its most favorable light, supports the jury findings, and we are required to disregard all evidence which would lead to a contrary result. Biggers v. Continental Bus System, 157 Tex. 351, 303 S.W.2d 359, 363 (Tex.Sup.). Plaintiff was, however, required to prove why the filing of the claim was deferred up to the date of filing. Texas Casualty Insurance Company v. Beasley, 391 S.W.2d 33 (Tex.Sup.).

The record shows that plaintiff was a fifty-three year old woman possessed of a high school education. She had worked for Sears since 1948 as a "credit authorizer." The record shows no prior claim for workmen's compensation. On August 8, 1967, while she was at work, she went to get a ledger card out of a file cabinet in the office, which card was located in the bottom drawer. The file cabinet was standing open slightly, but she finally got the card out of the back of the drawer and used it. When she took the card to put it back in the file and replace it, she could not get the file cabinet to close. She bent over and pushed on the cabinet, but it would not close. She then attempted to push the drawer with her foot while she was bent over, and while she was doing this something pulled in her back which brought on a stinging, burning sensation. The file was not closed. The incident occurred about 10:30 a. m., on August 8, 1967, and the plaintiff told a co-employee that she had hurt her back. The next day she sat down too hard on a metal chair and again felt pain in her back. She reported this incident and the occurrence of the previous day to her supervisor and left work, because she felt ill.

Plaintiff promptly went to Dr. W. J. Williamson, a doctor who had treated her before for various ailments, and he hospitalized her in Twelve Oaks Hospital where she remained for about nine days. Plaintiff told Dr. Williamson of the above incidents which had occurred at work, but the doctor did not advise plaintiff that the file cabinet incident or the chair incident were responsible for her back trouble. Dr. Williamson told her that her trouble was mostly "job pressure." He did not tell her that the accident was the cause of her difficulties. She did not believe the trouble she was having with her back was the result of the uneventful file cabinet incident. When no improvement resulted from Dr. Williamson's treatment, Mrs. Maines sought treatment from Dr. C. B. Lawrence, who had been her family doctor for many years. Plaintiff again related to the doctor an account of the circumstances, including the file cabinet incident. Dr. Lawrence treated her from about September 1, 1967 until January, 1968 with therapy and injections of vitamin B-12. Dr. Lawrence apparently did not relate or connect plaintiff's back pains with the incidents which occurred on the job. Instead he told her she was suffering from muscle spasm and "job pressure."

Mrs. Maines returned to work in January, 1968 but continued to have back pain. She then went to a chiropractor, Dr. Gariepy, who was again told all the facts. He, however, apparently never related her back trouble to the incident with the file cabinet. In March, 1968, plaintiff sought help from Dr. Keith Peavey and Dr. Arnold, and she was hospitalized again. Plaintiff again gave the facts to the doctors. She was hospitalized for one week in Diagnostic Center Hospital. After tests were made in the hospital plaintiff was advised that she had degenerative disc disease. Plaintiff told a Mr. Wilhite, her supervisor at work, who discussed her physical condition with her, that she was getting a different answer from every doctor she consulted.

In September, 1968, plaintiff consulted Dr. Alexander Brodsky. She again recounted the incidents at work concerning the file cabinet. Dr. Brodsky hospitalized plaintiff, conducted a myelogram and a discogram and found a midline L-5 S-1 disc protrusion with posterior rupture and extrusion. Dr. Brodsky operated on plaintiff's back on September 25, 1968, and while he testified that he had good results they were not remarkable and that the plaintiff had not ceased making complaints of pain. He told Mrs. Maines that her back trouble was causally connected with the occurrences on the job which she had related to him and so testified.

When plaintiff learned the true facts, she made preparations to file her claim with the Industrial Accident Board. The claim was filed and received by the Board on November 26, 1968, more than nine months following the normal expiration of the six-month requirement for filing under the statute. See. Art. 8307, Sec. 4a, Vernon's Ann.Tex.St. Plaintiff had never had trouble with her back prior to August 8, 1967 when she allegedly injured it while at work. Plaintiff called her Sears supervisor from the hospital and reported the new developments to him. When she was released from the hospital, she went to an official at Sears and secured his agreement that he would file a claim for her. Next, approximately one month later, when she learned that Sears had not filed her claim as agreed, she promptly consulted her attorney on November 19, 1968, and a claim was promptly filed.

Plaintiff further testified that she knew her back hurt, but that she believed that there was nothing wrong that mattered too much. She knew there was something wrong with her, but the doctors kept assuring her that she would be all right. She hoped that she would get well and be on her feet again, and she testified that she did not suffer excruciating pain all the time. At Twelve Oaks Hospital the doctor said that he expected to see a 100-year old

back, but instead he saw nothing from the X-rays. She stated that she considered it improper to file a compensation claim for degenerative disc disease or muscle spasm, and that to say she was hurt when she thought she had degenerative disc disease or muscle spasm, something that in her opinion one can overcome, would not have been right. Most of the excruciating pain came on afterwards, and it grew worse.

It was stipulated that the plaintiff attempted to return to work in January of 1969 after her surgery but was not permitted to do so. She has not been allowed to return to Sears as an employee since. Plaintiff moved to Lubbock in early 1970. She still has pain in her back and complains continually concerning it. She can do only light housework. Since she left work at Sears she has attempted to obtain work at five or six places, but she has been turned down each time. She has consulted and obtained treatment of her back from Dr. Batson of Lubbock since her operation. Dr. Brodsky testified that some employers will not employ a person in plaintiff's condition, but that some of them will. There is no fixed rule, there are variations as to employability, and it generally depends upon the individual employer and the condition of the employee. The last time the doctor saw plaintiff was January 19, 1970.

Defendant contends that plaintiff suffered an injury; there was severe back pain following the injury; and there was never any back pain before the injury. Therefore, it is contended, plaintiff's claim that she needed a medical recitation with respect to her anatomy before she filed her claim is without reason when logic of the simplest nature was there to guide her. Moreover, it is contended that plaintiff did not inquire of the doctors as to the cause of her back condition, citing Texas Employers' Insurance Association v. Leathers, 395 S.W.2d 601 (Tex.Sup.). In Leathers, the injury occurred in 1954 and the claim was filed in 1962. The burden there was to explain a delay of more than seven

years. Further, the evidence in Leathers was that the claimant's decision finally to file his claim was not based on medical opinions but on the advice of his brother, a layman. Leathers did not mention to his doctor in late 1955 about the accident of November 11, 1954 and did not inquire as to the cause of his condition, dizziness and blackout spells allegedly caused by facial burns in the accident of 1954.

■ In the instant case we believe that Mrs. Maines' conduct was consistent and was diligent. She told the doctors all the facts, including the apparently minor and undramatic incident with the file cabinet on August 8, 1967. But defendant contends that it was her duty to *ask* the doctors what was causing her back trouble. When true facts are given to a doctor or doctors as were given in this case, and the doctor diagnoses a condition as being caused by something other than an industrial accident, such as ordinary "muscle spasm," "job pressure," or "degenerative disc disease," it is not plaintiff's legal or absolute duty to *ask* the doctor specifically anything further to show reasonable diligence. This is a matter for jury consideration, and we believe this case is clearly distinguishable from the Leathers case above. Plaintiff's accident and the injury and disability which resulted involved no visible changes in her body which a layman could reasonably be expected to understand. In Hawkins v. Safety Casualty Co., 146 Tex. 381, 207 S.W.2d 370, 373 (Tex.Sup.), it was said:

"The injuries of the claimant were in the joints of his knee, shoulder and spine. They were not open and visible to him, and their severity and true character were to be revealed only by the most minute, technical and scientific examinations by medical experts."

See Hayes v. Commercial Standard Ins. Co., 140 S.W.2d 250 (Tex.Civ.App.), aff'd, 135 Tex. 288, 142 S.W.2d 897 (Tex.Sup.). Whether a claimant has used that degree of diligence required by law is ordinarily a question of fact to be determined by a jury

or a trier of facts. It may be determined against the claimant as a matter of law only when the evidence, construed most favorably for the claimant, admits no other reasonable conclusion. The above rule has often been quoted in the decisions of this state. See Hawkins v. Safety Casualty Co., supra; Moronko v. Consolidated Mutual Insurance Co., 435 S.W.2d 846, 847 (Tex.Sup.). The latter case above holds in part that in determining ordinary prudence which would justify the filing of a compensation claim subsequent to the expiration of the statutory time, the totality of claimant's conduct must be considered.

■ We believe the evidence and lawful inferences therefrom show that plaintiff was not trying to find an excuse to file a claim, but on the contrary she was genuinely trying to discover what was wrong with her. She did know her back hurt, and she did know of the incidents with the file cabinet and chair. But she did *not* know whether the two facts were causally connected. She prudently consulted physicians, and no interval of delay is shown in the record. She obtained varying diagnoses, but not one of them, until she consulted with Dr. Brodsky, accorded the crucial significance to the encounter with the file cabinet. We hold that plaintiff was not required, as a matter of law, to recognize the causal connection between her undramatic push on a file cabinet and the disabling back pain which ensued over the next few months. These are fact questions, and they may not be decided against plaintiff as a matter of law. When plaintiff was informed of the real facts of her case, she acted with promptness and diligence. See Moronko, supra; Texas Employers Ins. Ass'n v. Fowler, 140 S.W.2d 545, 552 (Tex.Civ.App.) writ ref.; Traders & General Ins. Co. v. Jacques, 131 S.W.2d 133 (Tex.Civ.App.), writ dismd., judg. corr.; Texas Employers Ins. Ass'n v. Little, 96 S.W.2d 677 (Tex.Civ.App.), writ dismd.; King v. Texas Employers' Insurance Association, 416 S.W.2d 533 (Tex.

Civ.App.), no writ. And see Great American Indemnity Company v. Britton, 86 U.S.App.D.C. 44, 179 F.2d 60 (1949), where it was said:

"We cannot place a premium on the filing of claims which fly in the face of professional advice and ethical standards."

We hold that the jury's findings on good cause as contained in special issues number 12, 13 and 14 are supported by the evidence under the circumstances of this case.

■ Appellant further attacks the finding of the jury to special issue number 4 concerning total permanent disability as having no support in the evidence. We overrule such contention. The evidence concerning this point is briefly summarized above. The testimony shows that Mrs. Maines' employer would not take her back as an employee; that other employers turned her down; that a portion of her back was surgically removed; and that since the surgery plaintiff experiences substantial, unchanging and persistent pain and physical disability. Lay testimony was not contradicted by Dr. Brodsky. The jury found that her total incapacity was permanent, and we decline to disturb such finding under these circumstances. Texas Employers' Insurance Ass'n v. Washington, 437 S.W.2d 340 (Tex.Civ.App.), writ ref., n. r. e.; Travelers Insurance Company v. Wade, 373 S.W.2d 881 (Tex.Civ.App.), writ ref., n. r. e. Although the questions are close, the Workmen's Compensation Act is required to be liberally construed in favor of the claimant. Hargrove v. Trinity Universal Ins. Co., 256 S.W.2d 73, (Tex.Sup.).

The evidence supports the jury's findings in this case, and the testimony and findings were not so contrary to the great weight and preponderance of the evidence as to be manifestly unjust.

The judgment of the trial court is affirmed.