**The TRAVELERS INSURANCE COMPANY, Appellant,**

v.

**Bonnie O. ROWAN, Appellee.**

**No. 719.**

Court of Civil Appeals of Texas, Tyler.

Aug. 30, 1973.

Rehearing Denied Oct. 4, 1973.

Tracy Crawford, Ramey, Brelsford, Flock, Hutchins & Carroll, Tyler, for appellant.

Rex Houston, Henderson, for appellee.

McKAY, Justice.

This is a workmen's compensation suit in which Bonnie O. Rowan sought a judgment for total and permanent disability caused by the occupational disease of contact dermatitis. Trial was to a jury whose

verdict was for total and permanent disability, and that plaintiff had good cause for failure to file her claim with the Industrial Accident Board within six months. This appeal is from a judgment, based upon the verdict, for total and permanent disability. The parties will be designated as they were in the trial court.

Plaintiff had worked for Canton Manufacturing Company, Canton, Texas, for several years as a fabric presser. In December, 1968, or early 1969, she began having trouble with a skin condition. The skin problem began with a burning and stinging sensation on her hands and arms, and then her skin turned red and started breaking out and swelling and made sores. The sores ran and her skin itched. In one to three months she developed the same condition on her feet and legs, and one foot swelled so much it burst open and yellow fluid drained from it.

In the beginning plaintiff treated herself with "alcohol and calomine," but in March, 1969, after the skin on her foot burst, she went to see Dr. Turner who gave her shots and medicine to soak her feet and told her he did not know what was wrong with her; she then went to Dr. Baker in Wills Point who put her in the hospital there for five days. During her hospitalization her skin dried and there were no running sores but the skin was dry and scaly and itchy. Upon her release from the hospital, she returned to her job doing the same work as before.

Her skin condition recurred and she was again hospitalized by Dr. Baker for fifteen days in May, 1969, after which period her skin was again dry, scaly and itchy, and she returned to work forthwith.

In July, 1970, plaintiff's hands, face and feet were swelling and she could not walk. She was hospitalized from July 2 through July 15, and Dr. Baker then sent her to a dermatologist, Dr. Howell in Dallas. She saw Dr. Howell six times from July to October, 1970, and the record shows he told her that her skin condition was not caused from anything on her job, and that she believed it to be true. Her condition continued to get worse and plaintiff notified Dr. Baker.

Plaintiff was then referred by Dr. Baker to John Sealy Hospital in Galveston where she was treated by Dr. Westburg, first as an outpatient and then hospitalized from January 20 to February 5, 1971. Dr. Westburg conducted tests upon her which confirmed that she suffered contact dermatitis caused by fabrics, or substances in the fabrics, which she worked with on her job.

Plaintiff's claim was filed with the Board on March 23, 1971.

By its first three points defendant contends there is no evidence that plaintiff had good cause within the meaning of Article 8307, sec. 4a, Vernon's Ann.Tex.Civ. St., for failing to file her claim within six months "of the first distinct manifestation of her dermatitis;" that plaintiff knew or should have known that her dermatitis was serious, disabling, and that it was caused by her employment, and, as a matter of law, she did not have continuing good cause for failure to file a claim as required by sec. 4a, Art. 8307; and there is no evidence to support special issues 13, 14, 15B and 15C.

In passing upon no evidence points we may consider only that evidence which, viewed in its most favorable light, supports the jury findings, and we must disregard all evidence which would lead to a contrary result. Biggers v. Continental Bus System, 157 Tex. 351, 303 S.W.2d 359 (1957).

In Hawkins v. Safety Casualty Co., 146 Tex. 381, 207 S.W.2d 370 (1948), the court said:

"The term 'good cause' for not filing a claim for compensation is not defined in the statute, but it has been uniformly held by the courts of this state that the test for its existence is that of ordinary prudence, that is, whether the claimant prosecuted his claim with that degree of

diligence that an ordinarily prudent person would have exercised under the same or similar circumstances. Consequently, whether he has used the degree of diligence required is ordinarily a question of fact to be determined by the jury or the trier of facts. It may be determined against the claimant as a matter of law only when the evidence, construed most favorably for the claimant, admits no other reasonable conclusion."

When the plaintiff contacted Dr. Baker in March, 1969, he treated her for her skin condition, later put her in the hospital for fifteen days in May, 1969, and again hospitalized her for thirteen days in July, 1970. Dr. Baker told her in early 1969 that her problem might be caused by her work, but when Dr. Baker did not determine definitely what was causing her condition, he sent her to Dr. Howell, a Dallas specialist, who told her that her skin problem was not caused by her employment. Plaintiff took a sample of the fabric for Dr. Howell to examine. After seeing Dr. Howell and her condition became worse, she notified Dr. Baker and he then sent her to John Sealy Hospital where she was treated by Dr. Westburg. She testified that she did not know that her skin condition was job related until February, 1971, when Dr. Westburg made the diagnosis of contact dermatitis. She then filed her claim with her daughter's help in March, 1971, more than two years after her skin condition had first prevented her from working.

We are of the opinion that the evidence, construed most favorably for plaintiff does not, as a matter of law, demonstrate that plaintiff failed to act as a reasonable prudent person would act under the same or similar circumstances. She testified she did not know what caused her skin problem. When her condition would become so aggravated she had to stop working, she would receive treatment and hospitalization which would cause her condition to be improved. She knew she had a skin problem, and she acknowledged that it was serious. But there is no evidence that she "knew"

her skin condition was job connected until February, 1971. It is not realistic to assume from the record that she should have known something which her doctors did not ascertain for two years.

■ The facts which plaintiff had within her knowledge are not conclusive on the question of good cause but they are evidence to be considered along with any other evidence on the issue of good cause, and the record here shows that there was a fact question on good cause which was resolved by the jury in favor of plaintiff. The evidence is sufficient to support the submission of the good cause issues (13, 14, 15B and 15C) to the jury and to support the jury verdict. Liberty Mutual Insurance Company v. Wilson, 495 S.W.2d 579 (Tex.Civ.App.—Texarkana, 1973, n. w. h.); Texas Employers Ins. Assn. v. Roberts, 135 Tex. 123, 139 S.W.2d 80 (1940).

■ We believe that this case is distinguishable from those cases where plaintiff received serious injuries on the job and delayed filing a claim on the ground that he thought his injury was healing, or it appeared he would recover or was getting better. Texas Employers Ins. Assn. v. Portley, 153 Tex. 62, 263 S.W.2d 247 (1954). One of the factual bases for good cause under Art. 8307, sec. 4a is advice from a physician that a claimant's injuries are not serious, and this will constitute a good cause for failure to file a timely claim provided the claimant, in the exercise of ordinary care, believes and relies upon that advice. Harkey v. Texas Employers Ins. Assn., 146 Tex. 504, 208 S.W. 2d 919 (1948); Consolidated Underwriters v. Pruitt, 180 S.W.2d 461 (Tex.Civ.App.— Amarillo, 1944, err. ref'd, w. o. m.). We believe that the analogy from Harkey and Pruitt is that the same result would obtain where the specialist physician advised the claimant, as here, that her skin condition was not job related, and she was ignorant of the compensable nature of her ailment, which was an occupational disease and not an injury, and in good faith did not know

her condition was or would be disabling or incapaciting because of or resulting from her work. Texas Employers Ins. Assn. v. Cummings, 364 S.W.2d 255 (Tex.Civ.App. —Waco, 1963, writ. ref'd n. r. e.). Whether a claimant has used the degree of diligence required to show good cause may be determined against the claimant as a matter of law only when the evidence construed most favorably for the claimant admits of no other reasonable conclusion. Hawkins v. Safety Casualty Co., supra; King v. Texas Employers Ins. Assn., 416 S.W.2d 533 (Tex.Civ.App.—Amarillo, 1967, writ ref'd, n. r. e.); Texas Employers Ins. Assn. v. Cummings, supra. We believe the facts here distinguish this case from Texas Employers Ins. Assn. v. Leathers, 395 S.W.2d 601 (Tex.Sup., 1965); (See Judge Calvert's dissent in that case.)

■ The contention is made that good cause did not exist to the filing of plaintiff's claim because she did not file it until six weeks after she was released from the hospital with the diagnosis of contact dermatitis. A claimant has the duty in the prosecution of his claim of continuing diligence, and must prove that good cause for failure to file continued to the date of filing. Texas Casualty Ins. Co. v. Beasley, 391 S.W.2d 33 (Tex.Sup., 1965). It has been held that in determining ordinary prudence which justifies the late filing of a compensation claim, the totality of the claimant's conduct must be considered. Moronko v. Consolidated Mutual Ins. Co., 435 S.W.2d 846 (Tex.Sup., 1969).

Plaintiff had been a widow since 1947, was 61 years of age and had an eleventh grade education. After her husband died she began work as a sewing machine operator and worked at the same plant for 13 or 14 years without any work or health problems. Then she worked at Canton Manufacturing Company for 10 or 11 years during which period she worked 9 years without missing a day. She did not have an automobile and she traveled to Dallas to see Dr. Howell by bus. When she re-turned home from John Sealy Hospital, she called her supervisor and told her she was going to file a claim but she did not know how to do it. Her daughter got a claim blank for her, had it filled out for her and sent it in. She testified she sent in her claim as soon as she could after learning the cause of her skin condition.

■ The picture presented by the evidence and reasonable inferences therefrom show that plaintiff was not trying to find an excuse to file a claim, but, to the contrary, she was endeavoring to continue to work and trying to discover with some degree of certainty what was causing her skin condition. She did know her skin condition was serious and she was told that it might be caused by her work, and later, that it was not so caused. Under the circumstances presented here, it does not seem unreasonable that she filed her claim six weeks after being released from John Sealy Hospital with the diagnosis of contact dermatitis. In Hawkins v. Safety Casualty Co., supra, is found this language:

"In all cases a reasonable time should be allowed for the investigation, preparation and filing of a claim after the seriousness of the injuries is suspected or determined. No set rule could be established for measuring diligence in this respect. Each case must rest upon its own facts. * * * These delays subsequent to the visitation of knowledge of the true facts, and the delays prior thereto, are ordinarily elements of prudence to be considered by the jury or the trier of facts in finally determining the question of good cause. Like all other issues they become conclusive against the claimant only when reasonable minds could reach no other conclusion."

We believe this case may be distinguished on the facts from Texas Employers Ins. Assn. v. Hancox, 162 Tex. 565, 349 S.W.2d 102 (1961); Texas Casualty Ins. Co. v. Beasley, supra, and Villarreal v. Aetna Ins. Co., 465 S.W.2d 797 (Tex.Civ.

App.—San Antonio, 1971, n. w. h.) cited by defendant, as well as Travelers Ins. Co. v. Warren, 447 S.W.2d 698, wr. ref'd, n. r. e., 1969, by this Court. Defendant's points one, two and three are overruled.

 Defendant's points four and five complain that the evidence to support issues 13, 14, 15B and 15C is factually insufficient, and that the jury's answers thereto are against the great weight and overwhelming preponderance of the evidence. In considering and weighing all the evidence in the case we are of the opinion these points should be overruled. In Re King's Estate, 150 Tex. 662, 244 S.W.2d 660 (1952).

By Point six defendant complains of the action of the trial court in overruling its objections to the portion of the court's charge [1] wherein the answers to issues 15B and 15C were conditioned upon an affirmative answer to either issue 13 or issue 14. Defendant says this constitutes multifarious and duplicitous submission of two ultimate inquiries and thereby reduced plaintiff's burden on the question of good cause. If such submission be improper we believe that it was not such a denial of the rights of defendant as was reasonably calculated to cause and probably did cause an improper judgment. Rule 434, Texas Rules of Civil Procedure.

The questions involved here are close ones. The workmen's compensation act is to be liberally construed in favor of the claimant. Hargrove v. Trinity Universal Ins. Co., 152 Tex. 243, 256 S.W.2d 73 (1953). We are of the opinion, that, under the record presented here, there is no reversible error.

Judgment of the trial court is affirmed.

---

1. "13. At all times prior to February, 1971. did Mrs. Rowan believe that her dermatitis was not caused by her employment or any hazards connected with her employment?
   (Answer 'Yes' or 'No') Yes"
   "14. At all times prior to February, 1971, did Mrs. Rowan believe that her dermatitis was trivial and not disabling to her?
   (Answer 'Yes' or 'No') Yes"
   "If you have answered either Issue No. 13 or Issue No. 14 'Yes', then answer Issue No. 15, 15A, 15B and 15C:"

"15B. Did such belief of Mrs. Rowan cause her to delay giving notice to her employer of her dermatitis?
   (Answer 'Yes' or 'No') Yes"
   "15C. Was such belief good cause for her delay in filing her claim for compensation with the Industrial Accident Board of Texas until March 23, 1971?
   (Answer 'Yes' or 'No') Yes"