**Ida Mae DAVIS, Appellant,**

**v.**

**TEXAS EMPLOYERS INSURANCE ASSOCIATION, Appellee.**

**No. 6403.**

Court of Civil Appeals of Texas, El Paso.

Nov. 13, 1974.

Rehearing Denied Dec. 11, 1974.

Bobby R. Bearden, W. W. Weir, Jr., Jimmie D. Oglesby, Midland, for appellant.

Shafer, Gilliland, Davis, Bunton & McCollum, Inc., Lucius D. Bunton, Odessa, for appellee.

## OPINION

OSBORN, Justice.

This is a workmen's compensation case for death benefits in which the trial Court granted a summary judgment for the insurance company because the widow did not timely file her claim with the Industrial Accident Board. Having concluded that the evidence in the trial Court did not show as a matter of law that good cause did not exist for the late filing of the claim, we reverse and remand the case.

The Appellant alleged that on December 11, 1970, her husband, Henry Davis, Jr., while lifting equipment in the course of his employment, sustained an accidental injury which resulted in his death. The claim for compensation was filed nearly twenty months later in August, 1972, long after the statutory period of six months provided for in Section 4a, Article 8307, Vernon's Tex.Rev.Civ.Stat.Ann.

In answer to the motion for summary judgment, Appellant alleged that she had good cause for the late filing due to the fact that a representation had been made to her on the death certificate of her husband that his death was due to natural causes, and that when she first received information to the contrary she immediately filed a claim for death benefits. In Appellant's deposition which was on file in the trial Court, Mrs. Davis testified that her husband, a mechanic, was fine when he left for work about 6:30 A.M. on December 11, 1970. According to her testimony, he was lifting rims and overhauling big trucks that particular day. She testified that about 6:30 or 7:00 P.M. that evening, her husband had been home about thirty minutes when:

"He told me he felt bad, he said his back and his neck and shoulder were bothering him, and he asked me to heat some hot towels and put to his back and to his neck. I went in the kitchen and put on a pan of water to heat the towels, and I went back to the bedroom, and he had turned over, and he said, 'Oh me,' and then I started screaming for help."

He was then taken to the hospital by ambulance, and a doctor there told her he was dead. She said a few days later the undertaker gave her a copy of the death certificate which stated the immediate cause of death was "Natural Causes" due to "Heart Failure." She also testified as follows:

"Q On the basis of this death certificate, did you form an opinion in your mind as to why or what caused him to die?

"A Well, no. I thought the doctor, I carried him to the hospital, and I thought the doctor knew. I didn't have any other opinion to form.

"Q OK, but did you rely to any other extent upon what was on here?

"A Yes, I thought that was how he died.

"Q When was the first time that you had a different opinion as to how he died.

"A In August of 1972.

"Q Was that when you—

"A In July, the latter part of July.

"Q Was that when you talked with somebody that had worked with your husband?

"A Yes, sir."

In that connection she said that in July, 1972, a fellow employee of her husband had asked her to call him and when she did so he asked her about her workmen's compensation insurance. She described that telephone conversation as follows:

" 'Well, you know, Henry taken sick about ten o'clock while he was working.' I said, 'No, I don't know.' He said,

'Well, he did. Have you filed for it,' and I said, 'I didn't know I had a claim to file for,' and he said, 'Well, you do because he taken sick about ten-thirty.'"

Also, in July, 1972, she talked to another employee with whom her husband had worked in December, 1970, and shortly thereafter this claim was filed.

■ In order to determine if a fact issue exists on good cause for the late filing of the claim, it is necessary to decide whether under the existing circumstances Mrs. Davis could rely upon the death certificate in determining not to file a compensation claim within six months after her husband's death. We believe she could.

■ First, it must be noted that as to the issue of good cause in a compensation case, unlike an affirmative defense, the burden of proof is on the moving party to negate with proof, as a matter of law, the claimant's allegation of good cause. Torres v. Western Casualty and Surety Company, 457 S.W.2d 50 (Tex.1970). And any reliance of the claimant must clearly be upon an affirmative representation and not an undetermined opinion as to the cause of injury or disability. Texas Employers' Insurance Association v. Hubbard, 518 S.W.2d 529 (Tex.1974).

■ In this case, the claimant relied upon a determination made by the coroner who had a statutory duty to determine and certify for proper classification the cause of death. Rule 41a, Article 4477, Tex. Rev.Civ.Stat.Ann.; Article 49.01, Vernon's Tex.Code Crim.Proc.Ann. Although the widow had two years of college education, there is nothing to indicate that until July, 1972, she should have believed or even suspected that her husband's heart attack, which apparently occurred at home after working hours, was in any way job-related, or anything other than from natural causes as shown on the death certificate.

The Texas Supreme Court in Texas Employers' Insurance Association v. Leathers, 395 S.W.2d 601 (1965), stated the general rule that, if it meets the test of ordinary prudence, a good faith belief of a claimant that his injuries were caused by something other than an accident he received in the course of his employment may be good cause for failure to present his claim within the statutory time. Whether conduct is reasonable is ordinarily a question of fact. Adam Dante Corporation v. Sharpe, 483 S.W.2d 452 (Tex.1972). And the question of diligence on the issue of "good cause" may be determined against the claimant as a matter of law only when the evidence, construed most favorably for the claimant, admits no other reasonable conclusion. Hawkins v. Safety Casualty Co., 146 Tex. 381, 207 S.W.2d 370 (1948).

While we have found no Texas case in which reliance was made upon the findings of a coroner, clearly the most analogous holdings seem to be that line of cases in which there has been reliance by the claimant upon representations by a doctor. In Hayes v. Commercial Standard Ins. Co., 140 S.W.2d 250 (Tex.Civ.App.—Fort Worth), writ ref'd per curiam, 135 Tex. 288, 142 S.W.2d 897 (1940), a young lady sustained internal injuries as the result of a fall on a wet floor. She alleged that she had good cause for the late filing of her claim, in that she did not know until just before the claim was filed that her fall was the cause of her injuries. She testified that she was not advised by any physician who treated her until just before the claim was filed that the fall caused her injuries. The Appellate Court concluded that a fact issue was raised for the jury's determination and the instructed verdict for the insurance carrier was reversed and the cause remanded for trial.

Five years later, the Fort Worth Court of Civil Appeals was again presented the question of good cause for late filing of a claim, this time involving a heart attack. In Dean v. Safety Casualty Co., 190 S.W. 2d 750 (Tex.Civ.App.—Fort Worth 1945, writ ref'd w. o. m.), the claimant, who filed his claim a year after his accident, suffered a heart attack while making re-

pairs on an oil pipeline. After the claimant told his doctor about the attack, and the strain which preceded it, the doctor told him that the heart condition was brought about by the flu, and that the strain had nothing to do with it. The jury found that reliance upon this medical opinion constituted good cause for the delay in filing the claim. In reviewing that finding, the Court said:

"We think that the evidence was sufficient to support the verdict. Whatever conflicts there may have been must be resolved in favor of the verdict. Appellee argues that appellant could not have relied on the physician's diagnosis because appellant had not even had the flu. Appellant's testimony was that he had had a cold, and that if he had the flu it was the lightest case he ever saw. But the evidence is ample to warrant a belief that appellant accepted the opinion of the physician as against any notions that appellant himself may have had as to his condition and its cause. In the usual case a prudent man would be justified in accepting the advice of his physician in a case like this. At least we cannot say as a matter of law that he should not have done so. * * *."

King v. Texas Employers' Insurance Association, 416 S.W.2d 533 (Tex.Civ.App.—Amarillo 1967, writ ref'd n. r. e.), also involved the issue of good cause in a heart attack case in which a summary judgment was entered for the insurance company. In that case, the claimant, a truck driver, who became ill was advised by a doctor after an electrocardiogram that he "had a little bit of heart ailment." In his affidavit setting forth the good cause for the filing of his claim more than a year after his alleged accident he equated his heart attack with an illness rather than an injury. In reviewing the summary judgment the Appellate Court pointed out that they were presented with the narrow question as to whether a mistake in the cause of disability is no less a "good cause" for failure to file a claim than a mistake as to the extent of disability. Concluding that a mistake as

to the cause of disability could be "good cause" for the late filing of a claim and that the evidence raised a fact issue for the jury's consideration under the holding in the Hayes case, the Court reversed the summary judgment and remanded for a trial on the merits.

In Allstate Insurance Company v. Maines, 468 S.W.2d 496 (Tex.Civ.App.—Houston (14th Dist.) 1971, no writ), the Court considered the issue of good cause for late filing of a claim involving a back injury and pointed out that where the doctor diagnoses a condition as being caused by something other than an industrial accident, it is not the claimant's legal or absolute duty to ask the doctor specifically anything further to show reasonable diligence.

In Travelers Insurance Company v. Rowan, 499 S.W.2d 338 (Tex.Civ.App.—Tyler 1973, writ ref'd n. r. e.), the Court affirmed a jury verdict for the claimant in a case involving good cause where the claim was filed more than two years after the first symptoms of a skin condition resulting from contact dermatitis. Although the claimant received considerable medical treatment from several doctors and was hospitalized on more than one occasion, she testified that she did not know her skin condition was job-related until about a month before her claim was filed when a doctor at John Sealy Hospital made the diagnosis of contact dermatitis. In passing upon the jury finding that the plaintiff had good cause for failure to file her claim within six months, the Court said:

"We are of the opinion that the evidence, construed most favorably for plaintiff does not, as a matter of law, demonstrate that plaintiff failed to act as a reasonable prudent person would act under the same or similar circumstances. She testified she did not know what caused her skin problem. When her condition would become so aggravated she had to stop working, she would receive treatment and hospitalization which would cause her condition to be improved. She knew she had a skin

problem, and she acknowledged that it was serious. But there is no evidence that she 'knew' her skin condition was job connected until February, 1971. It is not realistic to assume from the record that she should have known something which her doctors did not ascertain for two years."

We recognize that the Appellant would have a stronger case if in fact she had relied upon an opinion of a medical doctor as to the cause of her husband's death, or if the death certificate had been signed by a doctor rather than a Justice of the Peace serving as a coroner. Nevertheless, since there did exist a statutory duty upon the part of the Justice of the Peace to determine and certify the cause of death to the Bureau of Vital Statistics, we are unable to say that as a matter of law there is not a fact issue with regard to the Appellant's reliance upon the findings in the death certificate as good cause for the late filing of her claim.

We sustain the Appellant's three points of error which complain of the granting of the summary judgment, and reverse and remand the case to the trial Court.