Alonzo BACA, Appellant,

v.

TRANSPORT INSURANCE
COMPANY, Appellee.

No. 6496.

Court of Civil Appeals of Texas,
El Paso.

June 16, 1976.

Rehearing Denied July 21, 1976.

Malcolm McGregor, Inc., Harry Tom Petersen, El Paso, for appellant.

Scott, Hulse, Marshall & Feuille, Charles R. Jones, El Paso, for appellee.

OPINION

OSBORN, Justice.

This is a workmen's compensation case in which the trial Court entered summary judgment for the insurance carrier because the claimant did not timely file his claim with the Industrial Accident Board. We reverse and remand to the trial Court.

The Appellant alleged that he sustained injuries to his heart on July 13, 1972, while an employee of Lee Way Motor Freight, Inc. In his petition, he alleged "Plaintiff timely gave notice of injury, filed his claim for compensation and has complied with all jurisdictional requisites necessary to perfect this appeal from the final ruling and decision of the Industrial Accisent Board * * *." He further alleged that if the claim was not timely filed, then good cause existed for the late filing. Appellee filed a general denial, and then asserted in a motion for summary judgment that no claim was filed for more than two years after the alleged heart attack and that Appellant was aware of his injuries and incapacities and that he failed to exercise any diligent effort to determine if he had a claim and to file it.

The motion recites that it is based upon the pleadings and depositions on file.

In his deposition, Mr. Baca stated that he was a truck driver, and that on July 13, 1972, " * * * I was getting up to the truck and I felt like I pulled a muscle." While driving from El Paso to Balmorhea that morning, he became nauseated, he felt sick and the pain became worse by the time he got home that evening. The next morning, he went to the hospital where he stayed for twenty-two days. In November, he had open chest heart surgery. The doctor advised him that cholesterol caused the heart attack. He returned to work in February, 1973. While checking with a lawyer in July, 1974, about some union benefits, he learned that a heart attack could be caused by a strain and be compensable under the Workmen's Compensation Law. He then filed his claim with the Industrial Accident Board on July 29, 1974.

The Appellant presents two Points of Error contending first, that the trial Court erred in granting summary judgment on the lack of good cause issue and secondly, that a fact issue on good cause existed because notice to the employer would toll the filing requirements under Article 8307, § 7a, Tex.Rev.Civ.Stat.Ann.

■ We sustain the first point for two reasons. First, Rule 93(n), Tex.R.Civ.P., provides:

"In the trial of any case appealed to the court from the Industrial Accident Board the following, if pleaded, shall be presumed to be true as pleaded and have been done and filed in legal time and manner, unless denied by verified pleading:

" * * *

"(2) Claim for compensation.

" * * *

"(7) That there was good cause for not filing claim with the Industrial Accident Board within the six months' period provided by statute."

In this case, the Appellant pled that he filed his claim for compensation and the Appellee did not file a verified denial. Thus, under the provisions of the Rule, it is presumed that the filing was done and filed in legal time. In *National Auto. & Cas. Ins. Co. v. Layman,* 248 S.W.2d 993 (Tex.Civ.App.— Austin 1952, writ ref'd n.r.e.), the Court said:

"The presumption of this rule is that appellee's claim for compensation was 'filed in legal time and manner' and appellant not having denied this fact, so established, by a verified pleading, the presumption becomes conclusive."

Also see: *Southern Underwriters v. Tullos,* 136 Tex. 408, 151 S.W.2d 789 (1941); *Traders & General Ins. Co. v. Porter,* 124 S.W.2d 900 (Tex.Civ.App.—San Antonio 1938, writ ref'd); and *Transport Insurance Company v. Reid,* 384 S.W.2d 204 (Tex.Civ.App.—Tyler 1964, no writ).

■ In a trial on the merits, a failure to timely raise such a defect would be waived. Rule 90, Tex.R.Civ.P.; *Watson v. Texas Indemnity Ins. Co.,* 147 Tex. 40, 210 S.W.2d 989 (1948). But summary judgments are not to be granted on default of a party, but only on the merit of the summary judgment pleading and proof. *Swilley v. Hughes,* 488 S.W.2d 64 (Tex. 1972).

We also sustain the first point because we conclude that the evidence in the trial Court did not show as a matter of law that "good cause" did not exist for the late filing of the claim. In a similar case, *King v. Texas Employers' Insurance Association,* 416 S.W.2d 533 (Tex.Civ.App.—Amarillo 1967, writ ref'd n.r.e.), a truck driver who claimed a heart attack appealed from a summary judgment which was entered against him on the issue of good cause for the late filing of his claim. The Appellate Court concluded that a mistake in the cause of disability is no less a "good cause" for failure to file a claim than a mistake as to the extent of disability, and reversed the summary judgment on facts which showed that the truck driver had equated his heart attack with an illness rather than an injury, just as Mr. Baca did in this case. The decision in the *King* case was followed by this Court in *Davis v. Texas Employers Insurance Association,* 516 S.W.2d 452 (Tex.Civ.App.—El

**816**

Paso 1974, no writ), which also involved a heart attack case. In that decision, we said:

"The Texas Supreme Court in *Texas Employers' Insurance Association v. Leathers,* 395 S.W.2d 601 (1965), stated the general rule that, if it meets the test of ordinary prudence, a good faith belief of a claimant that his injuries were caused by something other than an accident he received in the course of his employment may be good cause for failure to present his claim within the statutory time. Whether conduct is reasonable is ordinarily a question of fact. *Adam Dante Corporation v. Sharpe,* 483 S.W.2d 452 (Tex.1972). And the question of diligence on the issue of 'good cause' may be determined against the claimant as a matter of law only when the evidence, construed most favorably for the claimant, admits no other reasonable conclusion. *Hawkins v. Safety Casualty Co.,* 146 Tex. 381, 207 S.W.2d 370 (1948)."

 Under the holding in *Torres v. Western Casualty and Surety Company,* 457 S.W.2d 50 (Tex.1970), the burden was on the appellant as the moving party to negate with proof, as a matter of law, the claimant's allegation of good cause. That was not done under the pleadings and evidence in this case. Appellant's Point of Error Number One is sustained. It is not necessary that we pass on the other point of error.

The judgment of the trial Court is reversed and the case is remanded to the trial Court.