Joe GARCIA, Appellant,

v.

TEXAS EMPLOYERS INSURANCE ASSOCIATION, Appellee.

No. 20755.

Court of Civil Appeals of Texas, Dallas.

June 16, 1981.

Ralph C. Jones, Carter, Jones, Magee, Rudberg, Moss & Mayes, Dallas, for appellant.

James C. Allums, Jr., DeHay & Blanchard, Dallas, for appellee.

Before GUITTARD, C. J., and AKIN and STOREY, JJ.

GUITTARD, Chief Justice.

In this suit for worker's compensation, summary judgment was rendered for the association on the ground of the claimant's failure to file a claim within six months after his injury, as required by section 4a of the Workers Compensation Act, Tex.Rev. Civ.Stat.Ann. art. 8307 § 4a (Vernon 1967). The claimant appeals on the ground that the summary judgment evidence raises a fact issue of "good cause" for the delay in filing the claim. We agree, and, accordingly, we reverse the judgment and remand the cause for trial.

The test of "good cause" within section 4a is whether the claimant prosecuted his claim with that degree of diligence that an ordinarily prudent person would have exercised under the same or similar circumstances. This question may be determined against the claimant as a matter of law only when the evidence, construed most favorably to him, admits of no other reasonable conclusion. *Lee v. Houston Fire and Casualty Insurance Co.*, 530 S.W.2d 294, 296 (Tex.1975); *Moronko v. Consolidated Mutual Insurance Co.*, 435 S.W.2d 846, 847 (Tex. 1968). If there is any evidence of care and prudence in the prosecution of the claimant's rights, the sufficiency of the evidence is a question for the jury. *Lee, supra* at 296.

In the light of this test, we conclude that a fact issue is raised. The facts are shown by the claimant's deposition and his affidavit in opposition to the motion for summary judgment. The claimant is unable to read or write. He was injured in the fall of a scaffold on February 11, 1979, when working for National Paint and Wallpapering, Inc. His foreman gave instructions to take him to a doctor or hospital and stated that the insurance company would take care of it. He went to Dr. Yabraian, who put him in a cast. He received seven or eight weekly compensation checks. The doctor encouraged him to believe that his condition would improve. On about April 1 the doctor released him to return to work, and he received no more checks. He was advised that all medical bills had been paid by the insurance company. He did not feel able to return to full-time work for the same employer and did not try to do so. Instead, he obtained less demanding employment. He thought he would get better, but in the latter part of August his leg and back started bothering him again, and he went back to Dr. Yabraian, who recommended further tests and treatment. The doctor advised him, however, that the insurance company would not pay for the necessary hospitalization. The claimant then employed counsel, who filed a claim on September 7, 1979, less than seven months after his injury. His affidavit states that he did not press the claim earlier because the doctor had advised him that his injury was temporary, he thought he was getting better, and, until the insurance company refused to pay for his hospitalization, he thought that the insurance company had done all it had to do.

We do not agree with the claimant's contention that payment of weekly benefits "tolled" the time for filing the claim and thus extended the six-month period provided by section 4a. Payment of benefits, however, is a circumstance which may be considered, along with other circumstances, on the issue of good cause. *Moronko, supra* at 848; *Pan American Fire & Casualty Co. v. Hill*, 586 S.W.2d 187, 190 (Tex.Civ.App.—El Paso 1979, no writ). The association insists that such payments could not constitute good cause here because the

payments stopped on April 1, more than four months before expiration of the six-month period for filing the claim. In this connection the association relies on cases holding that good cause must continue until the claim is actually filed. We recognize that payment of weekly benefits and medical expenses for the initial few weeks after an injury may not, in itself, be good cause for the delay. In this case, however, when the benefits ceased, the doctor advised the claimant that his injury was temporary and released him to return to work, and he had reason to believe that his condition, though partially disabling, was improving. He filed his claim promptly after learning that the association would not pay for further treatment. In the light of these additional circumstances, we are unable to say that the claimant did not pursue his claim with the diligence of an ordinarily prudent person.

Reversed and remanded.