EMPLOYERS INSURANCE OF WAUSAU, a Mutual Company, Appellant,

v.

Maurice S. SCHAEFER, Appellee.

No. 13–82–226–CV.

Court of Appeals of Texas, Corpus Christi.

Nov. 23, 1983.

Scott Tessmer, Timsley, Barrelli & Tessmer, Bellaire, for appellant.

Rockne W. Onstad, Kronzer, Abraham, Watkins, Nichols, Ballard & Friend, Houston, Delbert M. Cox, Refugio, for appellee.

Before NYE, C.J., and YOUNG and KENNEDY, JJ.

## OPINION

NYE, Chief Justice.

This is a workers' compensation case. The injured employee, Maurice S. Schaefer, filed his claim with the Industrial Accident Board more than six months after the accident took place. The Board made an award. Employers Insurance of Wausau appealed to the 267th District Court, Refugio County, Texas, to set aside the final decision and award of the Board. Schaefer also brought suit to recover all the benefits to which he is entitled under Art. 8306. The causes were consolidated into one action before the 24th District Court, Refugio County, Texas. Based on the jury's answers to special issues, the trial court entered judgment awarding Schaefer benefits for a combination of temporary total and permanent partial disability. The insurance company appeals.

On or about February 22, 1977, Schaefer, appellee, sustained an accidental bodily injury in the course and scope of his employment as a gauger for Dinero Oil Company in Refugio County, Texas. Appellee reported the injury to his supervisor the morning following the injury, prior to entering Refugio Memorial Hospital. Appellee remained hospitalized for nineteen days. On April 5, 1977, appellee returned to work in the same job classification, although he was unable to perform the more strenuous duties required of the job. Appellee testified that he terminated his employment with Dinero Oil Company sometime in November or December 1977, after receiving complaints from supervisors about his inability to do the job he was hired to do. Appellee then began working for Rutherford Oil as a night gauger and has continued this employment through the time of trial.

Although the accident took place on February 22, 1977, appellee did not file his claim for compensation until June 8, 1978, approximately fifteen and one-half months after his accident. Appellee testified that the day he was admitted to the hospital his supervisor, Mr. Henry Irons, came to visit him in the hospital. At that time, Mr. Irons assured the appellee that "everything would be taken care of" and "not to worry about anything." Appellee testified that he relied on his assurance and it caused him to believe that any necessary "book work" would be taken care of by his employer. Thereafter, the appellant insurance company paid appellee's medical bills and his weekly compensation benefits between February 24, 1977, and April 5, 1977. In April, 1978, appellee consulted an attorney who discovered that no notice of injury and claim for benefits had been filed with the Accident Board in his behalf. Appellee's claim was filed shortly thereafter.

Appellant brings forward twelve points of error on appeal. The first eight points of error are factual insufficiency complaints directed to the jury findings relevant to good cause. In considering a "no evidence" or "insufficient evidence" point of error, we will follow the well-established test set forth in *Glover v. Texas General Indemnity Company,* 619 S.W.2d 400 (Tex.1981); *Garza v. Alviar,* 395 S.W.2d 821 (Tex.1965); *Allied Finance Company v. Garza,* 626 S.W.2d 120 (Tex.App.—Corpus Christi 1981, writ ref'd n.r.e.); CALVERT, *No Evidence and Insufficient Evidence Points of Error,* 38 Tex.L.Rev. 359 (1961).

In workmen's compensation cases, it is well established that the claimant must plead and prove that he timely presented his claim to the Texas Industrial Accident Board within six months after the occurrence of the accident. If the claim is filed after the expiration of the six-month period, the claimant must show that good cause existed for his failure to file a claim within the statutory time limit. Tex.Rev.Civ.Stat. Ann., art. 8307, § 4a (Vernon 1967). When a claim has not been properly presented within the six-month period, the claimant must prove that good cause for failure to file continued up to the date of actual filing. *Lee v. Houston Fire & Casualty Insurance Co.,* 530 S.W.2d 294, 296 (Tex.1975); *Texas Casualty Insurance Co. v. Beasley,* 391 S.W.2d 33, 34 (Tex.1965); *Petroleum*

*Casualty Co. v. Dean,* 132 Tex. 320, 122 S.W.2d 1053, 1054 (1939). The meaning of the term "good cause" was set out by the Supreme Court in *Hawkins v. Safety Casualty Co.,* 146 Tex. 381, 207 S.W.2d 370 (1948):

> "The term 'good cause' for not filing a claim for compensation is not defined in the statute, but it has been uniformly held by the courts of this state that the test for its existence is that of ordinary prudence, that is, whether the claimant prosecuted his claim with that degree of diligence that an ordinarily prudent person would have exercised under the same or similar circumstances."

■ In accordance with the above legal ground rules, the totality of the claimant's conduct must be considered to determine whether the test of ordinary prudence has been met. *Lee v. Houston Fire & Casualty Insurance Co.,* 530 S.W.2d at 297; *Moronko v. Consolidated Mutual Insurance Co.,* 435 S.W.2d 846, 848 (Tex.1968); see *Texas Employers Insurance Ass'n v. Fowler,* 140 S.W.2d 545 (Tex.Civ.App.—Amarillo 1940, writ ref'd). Generally, the claimant's reason for delay in the filing of his claim is to be found principally in his own testimony. *Texas Casualty Insurance Co. v. Beasley,* 391 S.W.2d at 35.

In the present case, the facts reveal that appellee sustained a back injury while in his third month of employment with Dinero Oil Company. The same day appellee was admitted to the hospital, his supervisor came to see him. Appellee confirmed that during the visit, he and Mr. Irons had a conversation about worker's compensation. Appellee stated that Mr. Irons told him that "everything—all the bills and everything would be taken care of." Regarding the filing of a claim, appellee testified that Mr. Irons stated "they would take care of everything at the office" and "not to worry about anything," just stay in the hospital until he got well. Appellee further testified that, during that same conversation, Mr. Irons told him that he was going to get weekly benefits.

■ A claimant is presumed to know the law. Mere ignorance of the six-month filing requirement will not constitute good cause for delay in filing. *Lee v. Houston Fire & Casualty Insurance Co.,* 530 S.W.2d at pg. 297. The Courts have recognized, however, that reliance on statements of employers or their agents may constitute good cause for a delayed filing. *Texas Employers Insurance Ass'n v. Herron,* 569 S.W.2d 549, 554 (Tex.Civ.App.—Corpus Christi 1978, no writ). Mere reliance on an employer's promise to file a claim, *without more,* will not constitute good cause, particularly where 1) there is a lengthy delay between the promise and the ultimate filing date, *or* 2) the claimant had not been told that a report had actually been sent to the Board. *Employers,* 569 S.W.2d at 554; see *Allstate Insurance Co. v. King,* 444 S.W.2d 602, 605 (Tex.1969). The payment of compensation benefits or medical expenses by the compensation carrier is a circumstance which may be considered, along with other circumstances, on the issue of "good cause." *Continental Casualty Co. v. Cook,* 515 S.W.2d 261, 263 (Tex.1974); *Garcia v. Texas Employers Insurance Ass'n.,* 620 S.W.2d 716, 718 (Tex.Civ.App.—Dallas 1981, no writ).

Appellant contends that the representations by appellee's supervisor were, at most, a future promise and not a present, purportedly completed act. Appellant argues that, unlike appellee, a person of "ordinary prudence would not have remained totally inactive and unconcerned about his rights" as long as appellee did in sole reliance upon his supervisor's remarks. See *Allstate Insurance Co. v. King* at 444 S.W.2d 604–605; *Boone v. Continental Insurance Co.,* 472 S.W.2d 166, 167 (Tex.Civ.App.—Waco 1971, writ ref'd n.r.e.). Alternatively, appellant submits that even assuming appellee has established good cause sufficient to excuse the filing within the six-month time period, the evidence is insufficient to support the jury's finding that such good cause continued up to the actual date of filing. Citing: *General Insurance Corp. v. Smith,* 232 S.W.2d 785, 788 (Tex.Civ.App.—Eastland 1950, writ ref'd n.r.e.).

Given the totality of the facts, circumstances, and conduct of the insurance carrier, we hold that the evidence is sufficient to support the jury's finding that receipt of weekly benefits and payment of medical expenses, combined with the representations made by the employer, constituted continuing good cause. Appellee testified that, on the day that Mr. Irons came to the hospital to check on appellee, he had a form with him. Appellee said that Mr. Irons either showed him the form or told him that it was an accident form. Appellee said that Mr. Irons was asking him questions and writing on the form during the visit. Appellant contends that the statement by Mr. Irons that "he would take care of everything" was made only in connection with filling out the accident form. However, appellee explained that Irons went on to state that "he and the office would take care of all the rest of the book work" and *that* appellee "didn't have nothing to worry about." The medical bills were subsequently paid and weekly benefits began. In fact, the appellee received weekly benefits from the appellant Insurance Company for the exact amount that Mr. Irons had stated earlier. We believe the effect of the pleadings and testimony, reasonably construed, was that appellee was induced to believe that any claim required to be filed, had been filed and that he was not required to do anything further. This belief continued until he discovered the contrary. *See Travelers Insurance Co. v. Echols,* 508 S.W.2d 422, 425 (Tex.Civ.App.—Texarkana 1974, no writ). The evidence further shows that it was not until April, 1978, when the hospital forwarded some unpaid medical bills to appellee that he had reason to suspect that the situation was something other than he had been lead to believe, based on these assurances by his employer. Appellee promptly contacted an attorney concerning his claim for compensation. The evidence reveals that once appellee was alerted that a claim had not been filed with the Board on his behalf, he expressed concern about his rights and, through his attorney, was diligent in the prosecution of his claim, thereby establishing continuing good cause

up to the actual date of filing. *Texas Employers Insurance Ass'n. v. Wermske,* 162 Tex. 540, 349 S.W.2d 90 (1961); *Texas Employers Insurance Ass'n. v. Dickson,* 489 S.W.2d 655, 658 (Tex.Civ.App.—El Paso 1973, writ ref'd n.r.e.).

We hold that the appellee acted as an ordinarily prudent person would have under the same or similar circumstances, as the jury so found. Points of error numbers one through eight are overruled.

Points of error numbers nine and ten challenge the factual sufficiency of the jury's finding on the issue of average weekly wages. The claimant has the burden of proving by competent evidence his applicable wage rate under one of the three subsections of Article 8309, § 1. Tex.Rev.Civ. Stat.Ann. (Vernon 1967); *Garrard v. Texas Employers' Insurance Ass'n.,* 423 S.W.2d 93, 95 (Tex.Civ.App.—Amarillo 1967, no writ); *Young v. Universal Underwriters Insurance Co.,* 352 S.W.2d 784, 785 (Tex.Civ.App.— Amarillo 1961, writ ref'd n.r.e.). Appellee elected to proceed under Subsection (1); therefore, appellee's right of recovery must be determined under this subsection only. *Young v. Universal Underwriters Insurance Co.,* 352 S.W.2d at 785; *Texas Employers Insurance Ass'n. v. Edwards,* 59 S.W.2d 885, 885 (Tex.Civ.App.—El Paso 1933, no writ). Under subsection (1) of art. 8309, § 1, appellee must show that he worked in the employment in which he was working at the time of the injury, whether for the same employer or not, for at least two hundred ten (210) days of the year immediately preceeding February 22, 1977, the date of his injury.

Although appellee testified that he had only been working with Dinero Oil Company for approximately four months prior to his injury in February, he testified to the effect that he had worked in the same or similar employment of a sufficient duration that, combining it with the employment period with Dinero Oil, amounted to his having worked a total of 210 days for the year immediately preceding his injury. In this regard, appellee confirmed that he

had worked steadily either as a gauger or meter inspector for the year preceding his February injury. He also testified that his wages were "practically the same" for both these positions. Appellant cites no authority for the argument that appellee has failed to prove the similarity of employment which precludes satisfaction of the 210 day requirement under Subsection (*1*) of Art. 8309, Sec. I. The jury's affirmative answer [1] was not against the great weight and preponderance of all of the evidence. Points of error numbers nine and ten are overruled.

The last two points of error raised by appellant complain that the trial court erred in entering judgment for an amount greater than the amount pleaded and that the trial court erred in overruling appellant's Motion to Modify, Correct or Reform Judgment to the amount pleaded. Appellee's written trial amendment of March 17, 1982 specifically pleads an average wage or salary of $45.00 per day. Appellant complains that judgment was rendered in accordance with the jury's finding [1] to Special Issue Number 5A, that appellee earned an average daily wage of $50.00 during the days that he actually worked of the year immediately preceeding February 22, 1977. Appellant timely filed a Motion for New Trial and Motion to Modify, Correct or Reform Judgment, which motions were overruled and denied, respectively. TEX.R. CIV.P. 329(b), (d).

■ It is well settled that the judgment of the trial court must conform to the pleadings, the evidence, and the verdict. *Starr v. Ferguson,* 140 Tex. 80, 166 S.W.2d 130, 132 (1942); *Longoria v. Atlantic Gulf Enterprises, Inc.,* 572 S.W.2d 71, 76 (Tex. Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.); TEX.R.CIV.P. 301. A judgment for damages in excess of the amount pleaded is erroneous even though a larger amount might be warranted by the evidence. *Socony Vacuum Oil Co. v. Aderhold,* 150 Tex. 292, 240 S.W.2d 751, 756 (1951); *Thate v. Texas & Pacific Railway,* 595 S.W.2d 591, 601 (Tex.Civ.App.—Dallas 1980, no writ); *Kleiner v. Eubank,* 358 S.W.2d 902, 907 (Tex.Civ.App.—Austin 1962, writ ref'd n.r. e.).

■ The appellant's contention in this regard must be sustained. In a compensation proceeding, the compensation of the employee cannot be computed on a basis of a wage greater than that pleaded by the employee, notwithstanding the fact that the jury found the wage earned was greater than that pleaded. *Employers Reinsurance Corp. v. Jones,* 195 S.W.2d 810, 813 (Tex. Civ.App.—Beaumont 1946, writ ref'd n.r.e.); *Hartford Accident & Indemnity Co. v. Moore,* 102 S.W.2d 441, 443 (Tex.Civ.App.— Dallas 1937, writ ref'd); *Traders & General Insurance Co. v. Lincecum,* 81 S.W.2d 549, 550–551 (Tex.Civ.App.—Texarkana 1935, rev'd on other grounds, 130 Tex. 220, 107 S.W.2d 585 (1937).

■ Appellee elected to specify $45.00 per day as his average daily wage. Therefore, appellee is confined in his recovery to this specific pleading and he cannot rely upon general allegations. *Richardson v. First National Life Insurance Co.,* 419 S.W.2d 836, 839 (Tex.1967). We do not agree with appellee's contention that Rule 67 of Texas Rules of Civil Procedure should be applied here. The present situation differs from that in which "issues not raised by the pleadings are tried by express or implied consent of the parties," then they shall be treated as if they had been raised in the pleadings. TEX.R.CIV.P. 67. Points of error numbers eleven and twelve are sustained.

1. 5. Did plaintiff work in the employment in which he was working on February 22, 1977, whether for the same employer or not, for at least 210 days of the year immediately preceding such date? (Answer "Yes" or "No"). If your answer is "Yes" then answer No. 5A.　　Yes

　5A. What was the average daily wage which Plaintiff earned during the days that he actually worked in such year? (By stating in dollars and cents)　　$50.00

Since we cannot determine from the record before us the exact set-off amount, we therefore reverse the trial court's judgment and remand the cause with instructions to enter judgment for the appellee, Maurice S. Schaefer, on the basis of an average daily wage of $45.00.

AFFIRMED in part and REVERSED and REMANDED with instructions.