**CITY OF HOUSTON, Appellant,**

v.

**G.W. GARRETT, Appellee.**

**No. A14–90–00676–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Sept. 5, 1991.

Rehearing Denied Oct. 10, 1991.

Evin G. Dougas, Houston, for appellant.

Christopher Bradshaw–Hull, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and CANNON, JJ.

## OPINION

MURPHY, Justice.

This is a workers' compensation case brought by appellant as an appeal from an award of the Texas Industrial Accident Board. The parties were realigned prior to trial, and the case was prosecuted by appellee who sought by counterclaim to recover benefits under the Workers' Compensation Act. The jury found that appellee was injured on May 21, 1985 while working in the course of his employment with appellant, and that this injury was a producing cause of partial incapacity. The jury further found that appellee failed to timely file his claim for compensation with the Industrial Accident Board, and that appellee had good cause for delay in filing the claim. In four points of error, appellant challenges the legal and factual sufficiency of the evidence to support the jury's finding of good cause. We reverse and render.

In 1985, appellee was employed as a parking lot attendant for appellant, the City of Houston. On May 21, 1985, appellee informed his supervisor, Sidney Harris, that he had hurt his back while lifting a gate. Mr. Harris gave appellee some forms to fill out, and appellee completed the forms and returned them to Mr. Harris. Approximately one month after his injury,

appellee contacted an adjuster for the City of Houston about seeing a doctor. The adjuster, Bob Adams, approved the request for medical treatment at the city's expense and referred appellee to a Dr. Cotlar. Mr. Adams later recommended that appellee seek treatment from an orthopedist. Appellee initially chose not to pursue further treatment, but in March 1986, he accepted the city's offer and began to see an orthopedic surgeon. In September 1986, however, appellee was informed that the city was controverting his claim, and that it would not continue to pay for his medical treatment.

In 1987, the City of Houston's parking business was purchased by Ampco, and appellee transferred to Ampco's employ. Ampco suspected that appellee was stealing money and fired him. On March 24, 1987, appellee went to see an attorney and completed a claim for workers' compensation benefits. The claim was not filed with the Texas Industrial Accident Board until May 1987, approximately two years after appellee's injury and two months after he had consulted an attorney.

In four points of error, appellant challenges both the legal and factual sufficiency of the evidence to support the jury's finding that appellee had good cause for failing to timely file his claim for compensation benefits. Where a party challenges both the legal and factual sufficiency of the evidence, this court must first address the legal sufficiency of the evidence. *See, e.g., Glover v. Texas General Indemnity Co.*, 619 S.W.2d 400, 401 (Tex.1981) (per curiam). In reviewing the legal sufficiency of the evidence, we will consider only the evidence tending to support the challenged finding, viewing such evidence in its most favorable light and giving effect to all reasonable inferences that may properly be drawn therefrom, and we will disregard all contrary or conflicting evidence. *See id.* If there is any probative evidence, more than a scintilla, supporting the finding, the point must be overruled. *See id.*

In its first and second points of error, appellant contends that the evidence adduced at trial was legally insufficient to

support the jury's finding of good cause. Under the statutes applicable to this case, appellee was precluded from seeking compensation benefits unless he filed a claim for compensation within one year from the date of his injury or established "good cause" for his failure to do so. Although "good cause" is not defined by statute, courts have uniformly recognized that the test for its existence is that of ordinary prudence, *i.e.*, whether the claimant prosecuted his claim with that degree of diligence that an ordinarily prudent person would have exercised under the same or similar circumstances. *E.g.*, *Employers Ins. v. Schaefer*, 662 S.W.2d 414, 417 (Tex. App.—Corpus Christi 1983, no writ).

*Appellee's reasons for delaying the filing* of his claim for compensation are found exclusively in his own testimony. At trial, he testified that he was not aware of the statutory prerequisites for seeking compensation benefits, and that he did not know that he was required to timely file a claim for compensation. However, a workers' compensation claimant is presumed to know the law, and mere ignorance of the one-year filing requirement will not constitute good cause for delay. *See, e.g., Allstate Ins. Co. v. King*, 444 S.W.2d 602, 605 (Tex.1969). Appellee, who is a college graduate, also testified that he notified his supervisor of his injury and completed certain forms, and that he was "under the impression" that he was not required to do anything else. In response to leading questions from his attorney, appellee intimated that he assumed he was not required to do anything else, because his supervisor indicated that he was "going to go ahead and take care of the forms."

It is well established that a mere belief that an employer will take care of whatever is necessary in connection with obtaining compensation benefits is not sufficient to constitute good cause. *See, e.g. Petroleum Casualty Co. v. Canales*, 499 S.W.2d 734, 736 (Tex.Civ.App.—Houston [1st Dist.] 1973, writ ref'd n.r.e.). Courts have recognized, however, that reliance on express statements of employers or their agents may constitute good cause for a delayed filing under certain circumstances. *E.g.*,

*Employers Ins. v. Schaefer*, 662 S.W.2d 414, 417 (Tex.App.—Corpus Christi 1983, no writ). In this case, appellee asserts that he was entitled to rely on his supervisor's "indication" that he was going to take care of the forms. It is settled, however, that mere reliance on an employer's promise to file a claim, without more, will not constitute good cause where there is a lengthy delay between the promise and the ultimate filing date, or the claimant has not been told that a report has actually been sent to the Industrial Accident Board. *Id.*

Assuming *arguendo* that the supervisor's indication that he was going to "take care of the forms" amounted to a promise to file a claim for compensation, appellee's testimony is still insufficient to support a finding of good cause. Initially, we note that there was a lengthy delay of approximately two years between the supervisor's statement and the ultimate filing date. In addition, there is no evidence that appellee was ever told that a report had been sent to the Industrial Accident Board, or that appellant made any misrepresentation to appellee. To the contrary, although the initial failure to file might reasonably be explained by reliance on the supervisor's statements, it is obvious from the record that appellee's continuing inaction is attributable only to a lack of diligence and his self-professed ignorance of his rights. More importantly, appellee's testimony at trial failed to provide any explanation for the delay in filing after he retained an attorney to represent him in this matter.

■■■ In a case of this nature, it is fundamental that good cause for delay must extend up to the actual date of filing. *See Allstate Ins. Co. v. King*, 444 S.W.2d 602, 605–606 (Tex.1969); *Employers Ins. v. Schaefer*, 662 S.W.2d 414, 417 (Tex.App.—Corpus Christi 1983, no writ). Thus, regardless of whether appellee was initially entitled to rely on his supervisor's statements, he had the burden of showing good cause for his delay in filing a claim after he consulted an attorney. Accordingly, in deciding the issues presented by these points of error, we can narrow the question to this: Did good cause for failure to file a

claim continue to exist from March 24, 1987, when appellant retained an attorney, until the claim was actually filed in May 1987? The answer to this question must turn on the degree of diligence used to get the claim filed. *See Texas Casualty Ins. Co. v. Beasley*, 391 S.W.2d 33, 35 (Tex. 1965), *cert. denied*, 382 U.S. 994, 86 S.Ct. 576, 15 L.Ed.2d 480 (1966). Although the question of whether a claimant has used that degree of diligence which a reasonably prudent person would have exercised under the same or similar circumstances is ordinarily a question of fact to be decided by a jury, the evidence in a particular case may lead to lack of diligence as the only reasonable conclusion, in which event the question is to be decided as a matter of law. *Id.*

Appellee was injured on May 21, 1985, and by September 1986, he was aware that appellant was controverting his claim for continuing benefits. Notwithstanding this fact, appellee waited until March 24, 1987 to seek the assistance of an attorney. On that date, he completed a claim for compensation form in the attorney's office. However, the claim form was not filed with the Industrial Accident Board until May 1987. At trial, appellee was asked why he had waited two months to file the claim for compensation after completing the form in his attorney's office. He responded: "I don't know." This response was the only evidence presented to explain the delay in filing between March 24, 1987 and May 1987.

We hold that the evidence in this case establishes, as a matter of law, that appellee did not exercise the degree of diligence in the filing of his claim which a reasonably prudent person would have exercised under the same or similar circumstances. *See Texas Casualty Ins. Co. v. Beasley*, 391 S.W.2d 33, 35–36 (Tex.1965), *cert. denied*, 382 U.S. 994, 86 S.Ct. 576, 15 L.Ed.2d 480 (1966). Clearly, if appellee does not know why he delayed in filing the claim for compensation, the jury could not know the cause of the delay. The controlling factor is the complete absence of any evidence showing that steps were taken to get the claim filed in the two months after appellee consulted with his attorney. *See id.* at 36.

That period of time is too long for a reasonably prudent person to do nothing, particularly under the circumstances of this case. *See id.* The evidence is legally insufficient to support the jury's finding that appellee had good cause for delaying until May 1987 to file his claim for compensation. Appellant's first and second points of error are sustained. In view of our disposition of these points, we do not consider appellant's third and fourth points of error.

The judgment of the trial court is reversed, and judgment is here rendered that appellee take nothing.