**Affirmed in Part, Reversed in Part, Remanded, and Majority and Concurring and Dissenting Opinions filed August 30, 2018.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-17-00295-CV

---

**ZURICH AMERICAN INSURANCE CO., Appellant/Cross-Appellee**

**V.**

**MARTA DIAZ, Appellee/Cross-Appellant**

**V.**

**TEXAS DEPARTMENT OF INSURANCE – DIVISION OF WORKERS'
COMPENSATION AND COMMISSIONER RYAN BRANNAN, IN HIS
OFFICIAL CAPACITY, Cross-Appellees**

---

**On Appeal from the 201st District Court
Travis County, Texas
Trial Court Cause No. D-1-GN-13-001043**

---

### MAJORITY OPINION

We consider two overarching questions in this workers' compensation case. The first question is whether the trial court properly dismissed certain claims against an

administrative agency and its commissioner for lack of jurisdiction. We conclude that the trial court made the correct ruling, and we affirm that portion of the trial court's judgment.

The second, and more substantive, question is whether Marta Diaz can recover death benefits on behalf of her late husband, Encarnacion, who died several weeks after suffering an on-the-job injury. Marta pursued her claim through the administrative process, but her claim was denied because she filed it thirteen months after her husband's death, and the insurance carrier objected that the claim was filed after a one-year statutory deadline. Marta sought judicial review of the administrative decision, and the trial court granted her relief after ruling on a set of cross-motions for summary judgment. The trial court held that the carrier untimely raised the statutory bar, or in the alternative, that Marta established good cause for filing her claim after the one-year deadline.

We conclude that the trial court erred by granting the summary judgment, and that neither Marta nor the carrier is entitled to judgment as a matter of law. Accordingly, we reverse that portion of the trial court's judgment and remand for additional proceedings consistent with this opinion.

## I.    BACKGROUND

Encarnacion suffered a severe injury on April 16, 2010, when he was burned by hot oil while cleaning a fryer in the kitchen of a hotel. His employer promptly filed a first report of injury with Zurich American Insurance Company, its workers' compensation insurance carrier. Zurich notified the Division of Workers' Compensation and then paid compensation benefits to Encarnacion from April 17, 2010 to May 14, 2010.

Encarnacion died at his home on May 13, 2010. Zurich initially contested that Encarnacion's death was work-related and did not pay death benefits to Marta, his surviving spouse. Marta filed her claim for death benefits on June 21, 2011, more than one year after Encarnacion's death.

Zurich and Marta attended a benefit review conference ("BRC") in November 2011. Following the BRC, the Division issued a report stating that the parties had resolved one of their issues: they all agreed that Encarnacion had suffered a compensable injury that resulted in his death. The report further stated that the parties had two issues that were left unresolved. Those issues were (1) "Is [Zurich]'s defense on compensability limited to the existence of injury resulting in death defense listed on the *Notice of Denial of Compensability and Refusal to Pay Benefits* (PLN-[11]), that was filed with the Division on 06/02/10?"; and (2) "If [Zurich]'s defense is not limited to the existence of injury resulting in death defense listed on the *Notice of Denial of Compensability and Refusal to Pay Benefits* (PLN-[11]), is [Zurich] relieved from liability under TEX LABOR CODE ANN Section § 409.007 because of [Marta]'s failure to timely file a claim for death benefits with the Division?"

The Division conducted a contested case hearing ("CCH") in November 2012 to decide the disputed issues remaining after the BRC. Following the CCH, the Division issued a decision and order (the "CCH Decision"). The Division's hearing officer concluded that Marta was the proper legal beneficiary of Encarnacion, an issue which is undisputed in this appeal. The officer further concluded that (1) Zurich's right to dispute compensability of Marta's claim for death benefits was not limited to the basis identified in its June 2, 2010 notice; (2) Zurich was relieved of liability under section 409.007 of the Texas Workers' Compensation Act (the "Act") because Marta failed to file her claim within one year of Encarnacion's death; and (3) Marta did not have good cause for failing to file her claim timely.

3

Marta appealed to the appeals panel, but because the appeals panel did not issue its own decision, the CCH Decision became the final decision of the appeals panel by operation of law.[1] Marta challenged that decision by filing a petition for judicial review in district court. She named as defendants Zurich, the Division, and the Division's Commissioner, Rod Bordelon.[2] As to Zurich, Marta requested the court to determine that she was entitled to death benefits.[3] As to the Division and the Commissioner, Marta sought declarations that the Division and the Commissioner had "committed *ultra vires* acts by failing to properly follow and enforce the Texas Workers' Compensation Act and [Division] rules."

Zurich answered and filed a plea to the jurisdiction seeking dismissal of all of Marta's claims, including her declaratory judgment claims, to the extent they exceeded the scope of issues decided during the administrative proceedings. The Division and the Commissioner answered with a general denial and filed a Rule 91a motion to dismiss based on sovereign immunity. The trial court denied the Division's and the Commissioner's Rule 91a motion, but dismissed all claims against the Division and the Commissioner by sua sponte granting a plea to the jurisdiction in their favor. The court also granted Zurich's plea to the jurisdiction as to Marta's declaratory judgment claim against it.

Marta and Zurich filed cross-motions for summary judgment on the remaining issues, and the trial court signed a final judgment that:

---

[1] *See* Tex. Lab. Code § 410.204(c).

[2] Marta sued Bordelon in his official capacity only. During the pendency of this suit, Ryan Brannan succeeded Bordelon as Commissioner of the Division. Thus, we refer to either individual throughout this opinion by the official title of "Commissioner."

[3] Marta also asserted various Insurance Code and tort claims against Zurich, including claims for alleged misrepresentations, violations of the common law duty of good faith and fair dealing, violations of Texas Insurance Code section 541.061, unconscionability, and fraud. The trial court granted summary judgment in Zurich's favor on these claims, and Marta has not appealed that ruling.

(1)     denied summary judgment for Marta on the issue of whether Marta's one-year deadline to file a death benefits claim was tolled because Zurich did not file a report of death separate from the initial report of injury;

(2)     granted summary judgment to Marta on the grounds that (a) Zurich did not properly and timely raise the one-year limitations defense and Zurich was limited to the compensability defense raised in its June 6, 2010 notice disputing compensability, and (b) Marta alternatively had good cause for filing her claim after the one-year deadline because Zurich failed to notify her and the Division of the compensable death under 28 Tex. Admin. Code § 132.17;

(3)     set aside the CCH Decision;

(4)     ordered Zurich to pay death and burial benefits for Encarnacion's compensable work-related death, less attorney's fees;

(5)     ordered a lump-sum payment of attorney's fees to Marta's counsel;

(6)     assessed court costs against Zurich; and

(7)     awarded post-judgment interest on attorney's fees, expenses, and court costs of five percent.

Both Zurich and Marta have appealed the judgment. Marta also challenges the trial court's orders dismissing her claims against the Division and the Commissioner and granting Zurich's plea to the jurisdiction.

## II.     JURISDICTIONAL ISSUES

We begin with Marta's challenges to the trial court's dismissal of her declaratory judgment claims against Zurich, the Division, and the Commissioner.

## A. Standard of Review

Subject-matter jurisdiction is essential to the court's authority to decide a case. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443–44 (Tex. 1993). It is never presumed to exist. *Id*. The plaintiff bears the burden to allege facts affirmatively demonstrating the trial court's subject matter jurisdiction. *Id*. at 446. We review the issue de novo. *See State Dep't of Highways & Pub. Transp. v. Gonzalez*, 82 S.W.3d 322, 327 (Tex. 2002); *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998).

## B. Sovereign Immunity and the Uniform Declaratory Judgments Act

The doctrine of sovereign immunity "bars suit against the state and its entities" unless the state waives immunity. *Tex. Adjutant Gen.'s Office v. Ngakoue*, 408 S.W.3d 350, 353 (Tex. 2013) (quoting *Prairie View A & M Univ. v. Chatha*, 381 S.W.3d 500, 512 (Tex. 2012)). The Uniform Declaratory Judgments Act (the "UDJA") does not provide a general waiver of sovereign immunity. *City of El Paso v. Heinrich*, 284 S.W.3d 366, 370 (Tex. 2009). Sovereign immunity bars UDJA actions against the state and its political subdivisions "unless the Legislature has waived immunity for the particular claims at issue." *Tex. Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 620 (Tex. 2011); *see also Tijerina v. Tex. Prop. Cas. Ins. Guaranty Assoc.*, No. 03-13-00300-CV, 2015 WL 869344, at *3 (Tex. App.—Austin Feb. 26, 2015, pet. denied) (mem. op.).[4] The UDJA does not waive sovereign immunity from a lawsuit seeking a declaration of a claimant's statutory or legal rights. *Sefzik*, 355 S.W.3d at 621.

However, the *ultra vires* exception to sovereign immunity permits private parties to bring claims against state officials in their official capacities for nondiscretionary

---

[4] Because this case was transferred to us by order of the Texas Supreme Court, we strive to apply the precedent of the transferor court, which is the Third Court of Appeals. *See* Tex. R. App. P. 41.3.

acts unauthorized by law. *Id.* Such lawsuits are not "against the State" and therefore are not barred by sovereign immunity. *Id.*; *see also Heinrich*, 284 S.W.3d at 373. To fall within the *ultra vires* exception, a plaintiff must allege and show that the official "acted without legal authority or failed to perform a purely ministerial act," rather than simply complain of an official's exercise of discretion. *Heinrich*, 284 S.W.3d at 372.

## C.     "Redundant Relief" and the UDJA

When a claimant has invoked a statutory means of attacking an agency order, a trial court lacks jurisdiction over an additional purported claim under the UDJA that would merely determine the same issues and provide substantially the same relief as the available statutory remedies invoked. *See, e.g.*, *Tex. Mun. Power Agency v. Pub. Util. Comm'n of Tex.*, 253 S.W.3d 184, 199–200 (Tex. 2007) (citing *BHP Petroleum v. Millard*, 800 S.W.2d 838, 841 (Tex. 1991) and *Tex. Liquor Control Bd. v. Canyon Creek Land Corp.*, 456 S.W.2d 891, 895 (Tex.1970)); *Tex. Dep't of State Health Servs. v. Balquinta*, 429 S.W.3d 726, 746–47 (Tex. App.—Austin 2014, pet. dism'd); *Tex. Dep't of Transp. v. Sunset Transp., Inc.*, 357 S.W.3d 691, 705 (Tex. App.—Austin 2011, no pet.); *Strayhorn v. Raytheon E-Sys., Inc.*, 101 S.W.3d 558, 572 (Tex. App.—Austin 2003, pet. denied); *Ben Robinson Co. v. Tex. Workers' Comp. Comm'n*, 934 S.W.2d 149, 153 (Tex. App.—Austin 1996, writ denied)). "[A] litigant's couching its requested relief in terms of declaratory relief does not alter the underlying nature of the suit." *Tex. Parks & Wildlife Dep't v. Sawyer Trust*, 354 S.W.3d 384, 388 (Tex. 2011).

## D.     Marta's Pleadings

Marta sought broad declarations regarding the tolling provisions of Chapter 409. She also contended that the Division and the Commissioner had not "properly *interpreted, applied, and enforced* the Texas Workers' Compensation Act and the [Division's] previously adopted rules" (emphasis added). She requested a declaration that "an insurance carrier must timely raise any disputes to the payment of workers'

compensation benefits in writing pursuant to Chapter 409" and "an insurance carrier is limited to the grounds raised absent newly discovered evidence which could not reasonably have been discovered earlier." She further claimed that "the Commissioner, and the Commissioner's designees, have committed *ultra vires* acts by failing to properly follow and enforce the Texas Workers' Compensation Act and [Division] rules as herein alleged." She complained that "such actions or inactions *do not follow the proper construction of and are in violation* of [the Act's] Chapter 402, including section 402.00116 and Chapter[] 409, including sections 409.005, 409.008, 409.010, 409.021, 409.022 and Chapter 410 including sections 410.163, 410.168" (emphasis added). As is clear from Marta's allegations, she challenged the Division and Commissioner's interpretation, application, and enforcement of the Act.

### 1. Immunity of the Division

As to the Division, Marta's claims do not show a waiver of immunity because the allegations are only asking for a declaration of her statutory or legal right. *Sefzik*, 355 S.W.3d at 621.

### 2. Immunity of the Commissioner

Marta contends the trial court had jurisdiction over her claims against the Commissioner under the *ultra vires* exception to sovereign immunity. *Patel*, 469 S.W.3d at 76; *Heinrich*, 284 S.W.3d at 372. Marta has not alleged that the Commissioner acted without legal authority or failed to carry out a non-discretionary act; instead, her claims against the Commissioner are based on the Commissioner's administration and interpretation of the Act and its dispute resolution procedures. Marta claims that the Commissioner's interpretation and application of the Act are incorrect, but she fails to allege or explain how the Commissioner's interpretations of the pertinent statutes and rules are outside his authority. And the *ultra vires* exception simply "does not extend to allegations that an [official] reached an incorrect result

8

when exercising its delegated authority." *Id.* (citing *Creedmoor-Maha Water Supply Corp. v. Tex. Comm'n on Envtl. Quality*, 307 S.W.3d 505, 517–18 (Tex. App.—Austin 2010, no pet.)). Accordingly, the trial court did not err in dismissing Marta's claims against the Commissioner.

### 3. Zurich's plea to the jurisdiction

Marta sought declaratory relief related to Zurich's right to challenge the timeliness of her death benefits claim, as well as the Division's finding that Zurich was relieved of liability. Her complaints and requested relief mirror the issues that are the subject of her suit for judicial review. Such redundant relief is unavailable under the UDJA. *See Balquinta*, 429 S.W.3d at 747 (explaining that a trial court lacks jurisdiction over claim under UDJA that determines same issues and provides same relief afforded under statutory remedies); *accord Ben Robinson Co.*, 934 S.W.2d at 153 ("When a statute provides a method for attacking an agency order, a declaratory judgment action directed at that order will not lie.").

For the foregoing reasons, the trial court did not err in dismissing on jurisdictional grounds Marta's claims for declaratory relief. We therefore overrule her second issue, and turn to the parties' judicial review issues.

### III.  JUDICIAL REVIEW ISSUES

### A.  Standard of Review

The trial court disposed of the remaining issues with rulings on a set of cross-motions for summary judgment, which were submitted on both traditional and no-evidence grounds. We review both types of motions de novo. *See Boerjan v. Rodriguez*, 436 S.W.3d 307, 310 (Tex. 2014) (per curiam).

In a traditional motion for summary judgment, the movant carries the burden of showing that there is no genuine issue as to any material fact and that the movant is

entitled to judgment as a matter of law. *See* Tex. R. Civ. P. 166a(c); *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000) (per curiam). If the movant produces evidence that conclusively establishes its right to summary judgment, then the burden of proof shifts to the nonmovant to present evidence sufficient to raise a fact issue. *See Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995). We consider all of the evidence in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts in the nonmovant's favor. *See Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).

In a no-evidence motion for summary judgment, the movant asserts that there is no evidence of one or more essential elements of the claims for which the nonmovant bears the burden of proof at trial. *See* Tex. R. Civ. P. 166a(i); *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). The burden then shifts to the nonmovant to present evidence raising a genuine issue of material fact as to the elements specified in the motion. *See Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). We will sustain a no-evidence motion for summary judgment when (1) there is a complete absence of evidence of a vital fact, (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a mere scintilla, or (4) the evidence conclusively establishes the opposite of the vital fact. *See City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005).

When both parties move for summary judgment and the trial court grants one motion and denies the other, we consider all questions presented, examine all of the evidence, and render the judgment the trial court should have rendered. *See Commr's Court of Titus Cty. v. Agan*, 940 S.W.2d 77, 81 (1997).

**B.     Was the filing period tolled for Marta?**

Marta moved for a partial summary judgment on the issue of tolling. She argued that her one-year period to file a claim for death benefits never began to run because Zurich filed a report of injury, but not a report of death. Without a report of death, Marta argued that her filing period was automatically tolled.

Zurich argued in response that it was only required to file one report of injury because there are no provisions in the Act expressly mandating that any additional or supplemental reports be filed in the event that an injured employee subsequently dies. If a second report is not required, Zurich argued that its failure to file such a report would not toll Marta's one-year period to file a claim for death benefits.

The trial court agreed with Zurich and denied Marta's motion for summary judgment.

**1.     The issue was presented to the Division.**

Before we address the merits of the parties' arguments, we first consider a jurisdictional argument that Zurich raises on appeal. Zurich contends that the trial court lacked jurisdiction over Marta's tolling argument because that issue was not raised or adjudicated before the Division.

The issues decided by the appeals panel are those decided in the CCH, as developed by the record of that hearing. Tex. Lab. Code § 410.203; *State Office of Risk Mgmt. v. Martinez*, 539 S.W.3d 266, 270 (Tex. 2017). The hearing officer at the CCH is generally limited, in turn, to issues raised at the BRC. Tex. Lab. Code § 410.151; *Martinez*, 539 S.W.3d at 270–71. Further, judicial review on issues regarding compensability and benefits "is limited to issues decided by the commission appeals panel and on which judicial review is sought." Tex. Lab. Code § 410.302; *see Martinez*, 539 S.W.3d at 271; *Ballard v. Arch Ins. Co.*, 478 S.W.3d 950, 955 (Tex. App.—

11

Houston [14th Dist.] 2015, no pet.); *Trinity Univ. Ins. Co. v. Berryhill*, No. 14-03-00629-CV, 2004 WL 744417, at \*3–4 (Tex. App.—Houston [14th Dist.] Apr. 8, 2004, no pet.) (mem. op.). "The statutory scheme requires a claimant to exhaust the claimant's administrative remedies before filing a claim in the trial court." *Ballard*, 478 S.W.3d at 955 (citing *Am. Motorists Ins. Co. v. Fodge*, 63 S.W.3d 801, 803-04 (Tex. 2001); Tex. Lab. Code § 410.302(b)). So long as the general issue was decided by the Division, a complaining party on judicial review may raise, at any time, any argument in support of its position on that issue, even if the specific argument was not advanced in the administrative proceeding. *See Martinez*, 439 S.W.3d at 273–75.

We do not have a transcript of the administrative proceedings, but the hearing officer recited the facts of those proceedings in the CCH Decision. Those recitations include the following:

> Claimant argues in the alternative that carrier did not file an additional DWC-1 at the time of decedent's death. Because of this, the time for claimant beneficiary to file a claim for death benefits is tolled. Carrier filed its DWC-1 on April 19, 2010 for the original injury. Carrier argues that this is unnecessary and not required by the Rules.

These recitations indicate that Marta presented her tolling argument to the Division. Therefore, we conclude that the trial court had jurisdiction to consider the same issue. *See Martinez*, 539 S.W.3d at 273–75; *cf. Croysdill v. Old Republic Ins. Co.*, 490 S.W.3d 287, 296 (Tex. App.—El Paso 2016, no pet.) (concluding that employee exhausted administrative remedies and was entitled to judicial review of grounds of which employee "argued vigorously" before hearing officer, despite hearing officer not making specific findings or conclusions on these grounds; hearing officer "impliedly rejected" claim by ruling against employee).

## 2. Section 409.005 requires only one report, not two.

Marta argued in her motion for summary judgment that section 409.005 required Zurich to file a second report after Encarnacion died, and that section 409.008 required tolling of the one-year period for filing a death benefits claim because Zurich did not file this second report of death.

Marta's argument finds no support in the text of either statute. Section 409.005 requires the employer to report to the carrier "an injury that results in the absence of an employee of that employer from work for more than one day." *Id.* § 409.005(a). The carrier must then file the report with the Division. *Id*. § 409.005(d), (e). Section 409.005 contains no requirement to file a second report if a properly reported injury later results in death. If the legislature intended to require an employer or carrier to file a report of injury after the first day of lost time, and then a second report if the injured employee subsequently died, the statute would say so. *See Cornyn v. Univ. Life Ins. Co.*, 988 S.W.2d 376, 379 (Tex. App.—Austin 1999, pet. denied) (explaining that courts must presume words used have a purpose and "every word excluded was excluded for a purpose").

As to section 409.008, it provides:

Failure to File Employer Report of Injury; Limitations Tolled

If an employer or the employer's insurance carrier has been given notice or has knowledge of an injury to or the death of an employee and the employer or insurance carrier fails, neglects, or refuses to file the report under Section 409.005, the period for filing a claim for compensation under Sections 409.003 and 409.007 does not begin to run against the claim of an injured employee or a legal beneficiary until the day on which the report required under Section 409.005 has been furnished.

Tex. Labor Code § 409.008.

This tolling provision is only effective when "the employer or insurance carrier fails, neglects, or refuses to file the report under Section 409.005." *Id.* Because it is undisputed that a report of injury was promptly made under Section 409.005, this tolling provision would not excuse Marta's late filing.

Marta does not cite any case authority supporting her interpretation of sections 409.005 and 409.008. Instead, she relies on cases in which an employer or carrier failed to timely report an employee's injury or death in the first instance. *See Masuccio v. Standard Fire Ins. Co.*, 770 S.W.2d 854, 856–57 (Tex. App.—San Antonio 1989, no pet.) (late filing of claim for death benefits tolled by employer/insurer's failure to file report of injury or death); *Houston Gen. Ins. Co. v. Vera*, 638 S.W.2d 102, 106 (Tex. App.—Corpus Christi 1982, write ref'd n.r.e.) (absence of report of injury tolled statute of limitations, permitting recovery of compensation benefits after limitations period); *Grossman v. Emp'rs Ins. of Wausau*, No. 13-95-302-CV, 1997 WL 33760928, at *3 (Tex. App.—Corpus Christi Mar. 20, 1997, no pet.) (not designated for publication) (despite notice of injury on day it occurred, no report of injury filed until months after untimely claim for compensation made; summary judgment improperly granted on ground that limitations barred compensation claim). Not only do these cases relate to previous versions of the Act, they are distinguishable because the employer or carrier either did not file the requisite first report of injury or death at all, or filed the report after the claimant had filed his or her claim for benefits. These cases do not support Marta's position that an employer or carrier, despite having complied with section 409.005 in reporting an employee's injury, must also file a second report if the injured employee subsequently dies from the reported work-related injury.

### 3.    Rule 132.17(d) does not include a tolling provision.

Marta also claims that Zurich failed to comply with rule 132.17. *See* 28 Tex. Admin. Code § 132.17(d).[5] This rule governs the denial, dispute, and payment of death benefits. *Id.* Although rule 132.17 requires a carrier to notify potential beneficiaries of entitlement to death benefits, nothing in the rule tolls the deadline to file a claim should the carrier fail to comply. Had the Division intended such a result, it could have included language stating that the failure to provide notice to beneficiaries tolls the deadline for a beneficiary to file a claim for death benefits. *See Rodriguez*, 997 S.W.2d at 254 (in construing the Division's administrative rule, the primary objective is to give effect to the Division's intent).

In sum, nothing in the statutory provisions or rules on which Marta relies supports her position that the time to file her death benefits claim was tolled. Zurich complied with the clear and unambiguous language of section 409.005 by timely filing Encarnacion's report of injury with the Division. Further, section 409.008 does not trigger tolling when a timely reported injury results in death and a separate report of death is not filed. Thus, we conclude the one-year time period for filing a death benefits claim was not tolled.

The trial court correctly denied Marta's motion for summary judgment on this issue.

---

[5] Rule 132.17(d) provides: "A carrier that identifies or becomes aware of a potential beneficiary shall notify the potential beneficiary of potential entitlement to benefits, using a plain language notice containing language and content prescribed by the Commission. This notice shall be sent within seven days of the date the carrier identified or was otherwise made aware of the identity and means of contacting the potential beneficiary."

**C.    Is Marta's claim time-barred under section 409.007?**

The parties filed additional motions for summary judgment addressing section 409.007. That statute establishes the one-year deadline for filing claims of death benefits, along with two exceptions. In pertinent part, the statute provides:

(a) A person must file a claim for death benefits with the division not later than the first anniversary of the date of the employee's death.

(b) Failure to file in the time required by Subsection (a) bars the claim unless:

1.  the person is a minor or incompetent; or

2.  good cause exists for the failure to file a claim under this section.

Tex. Lab. Code § 409.007.

The Third Court of Appeals, from which this appeal was transferred, has likened section 409.007 to a "limitations defense," which a carrier can waive by failing to assert it. *See Tex. Workers' Comp. Comm'n v. Tex. Mun. League Intergov'l Risk Pool*, 38 S.W.3d 591, 599 n.11 (Tex. App.—Austin 2000), *aff'd*, 74 S.W.3d 377 (Tex. 2002) ("*TML Risk Pool*"); *see also* Tex. Workers' Comp. Comm'n, *Appeal No. 94224*, 1994 WL 121380, at *5 (Apr. 1, 1994) (making the same observation regarding a similar provision under the Act).

Zurich has also likened the statute to an affirmative defense of limitations. In its motion for summary judgment, Zurich argued that it was relieved from liability because there was no dispute that Marta had filed her claim after the one-year anniversary of Encarnacion's death.

Zurich also addressed the two exceptions. Zurich argued that the first exception did not apply because there was no dispute that Marta was neither a minor nor incompetent. As for the second exception, Zurich framed its argument on both no-evidence and traditional grounds. Zurich asserted that Marta had no evidence of good

cause. Zurich also argued that the good-cause arguments asserted by Marta in the administrative proceedings were invalid as a matter of law.

Marta filed a combined motion for summary judgment and response. Marta argued that she was entitled to judgment as a matter of law on either of two grounds: (1) that Zurich had waived its limitations defense by not asserting it within sixty days of the notice of Encarnacion's death; or (2) that "good cause is established almost per se" because Zurich failed to send her a plain language notice, as required by rule 132.17. In response to Zurich's motion, Marta argued that she raised a fact issue as to good cause for several reasons, including the following: (1) she did not realize that Encarnacion's death was work-related; (2) she does not read or speak English; (3) she has a limited education from El Salvador; (4) she was not provided any information from the Division or Zurich about filing a claim; (5) she only learned that Zurich no longer disputed that Encarnacion's death was work-related after she filed her claim; and (6) Zurich "misled" her by failing to inform her that she might be entitled to death benefits.

Zurich filed a reply, which reiterated its argument that Marta had not established good cause. And in response to Marta's waiver issue, Zurich argued that its burden to assert a limitations defense did not arise until after Marta had filed her claim for death benefits.

The trial court denied Zurich's motion and granted Marta's motion on both of the theories asserted in that motion.[6] We first consider whether either of those theories is meritorious, beginning with the waiver issue.

---

[6] The final judgment specifically says: "Further, the Court GRANTS Plaintiff's motion for summary judgment that Defendant Zurich only in writing disputed only the defense of course and scope compensability of Encarnacion's death and that Defendant Zurich failed to properly and timely dispute in writing the defense of Marta Diaz not filing a claim within one year of death and the Defendant Zurich did not establish any newly discovered evidence which could not have been

**1.    Zurich was not required to assert a limitations defense within sixty days of the notice of death.**

Marta's waiver argument largely depends on sections 409.021 and 409.022 of the Texas Labor Code. Citing these statutes, Marta contends that Zurich was required to assert its limitations defense within sixty days of receiving notice of Encarnacion's death, and that Zurich's failure to timely raise that defense resulted in waiver of the defense.

Neither of these statutes expressly requires a carrier to assert the limitations defense within sixty days of the notice of death. If they did, then in most cases, a carrier would have to assert the defense preemptively because the carrier typically receives the notice of death more than sixty days before the one-year limitations period has even expired. Nothing in the Act or in our case law requires such a premature assertion of a defense.[7]

The Act itself is silent as to when the carrier must assert the limitations defense. When a statute does not fix a time limit for making a claim or defense, the law normally imposes a reasonable time. *See Midas Oil Co. v. Stanolind Oil & Gas Co.*, 179 S.W.2d 243, 245–46 (Tex. 1944); *Traders' & Gen. Ins. Co. v. Low*, 74 S.W.2d 122, 124 (Tex. App.—Amarillo 1934, writ ref'd). At least one commission appeals decision has applied this "reasonable time" standard to a limitations defense under section 409.007. *See* Tex. Workers' Comp. Comm'n, *Appeal No. 090075*, 2009 WL 909268, *4 (Mar.

---

discovered earlier. The Court finds that Defendant Zurich American was limited to the defense of compensability of Plaintiff's claim to the death not being the result of the compensable injury which was since been finally resolved as a compensable death by the Texas Department of Insurance—Division of Workers' Compensation. Further, the Court determines good cause exists for Marta Diaz's late filing of a claim due to Defendant Zurich's failure to notify the Plaintiff and the DWC of the compensable death under DWC Rule 132.17."

[7] Marta also cites to section 409.010 and rules 124.2, 132.10, and 132.17, but these authorities do not support Marta's position either because they are also silent about when the limitations defense must be asserted.

18

26, 2009) (ruling self-insured employer waived section 409.007 defense because employer did not raise it within "reasonable time" after discovering facts indicating the defense might apply).

We conclude that Zurich was not required to assert its limitations defense within sixty days of the notice of death, and that the trial court erred by granting summary judgment to Marta on that basis.

### 2. Zurich's failure to comply with rule 132.17 does not entitle Marta to judgment as a matter of law.

Rule 132.17 provides the following:

> A carrier that identifies or becomes aware of a potential beneficiary shall notify the potential beneficiary of potential entitlement to benefits, using a plain language notice containing language and content prescribed by the Commission. This notice shall be sent within seven days of the date the carrier identified or was otherwise made aware of the identity and means of contacting the potential beneficiary.

28 Tex. Admin. Code § 132.17(d).

This rule was adopted in 2000 and it was effective ten years later at the time of Encarnacion's death, but Zurich never sent a plain language notice to Marta, as required by the rule. According to Zurich, there was no notice to send at the time of Encarnacion's death because the Division had not made a notice available until 2012, two years later.[8]

Marta argues that Zurich's failure to send a plain language notice establishes good cause for her late filing as a matter of law. This argument is indistinguishable from the argument that we previously considered—and rejected—in connection with the tolling issue.

---

[8] The Division has approved plain language notices in both English and Spanish, and they are both available for download at http://www.tdi.texas.gov/forms/form20plain.html.

19

Rule 132.17 says nothing about either tolling or good cause, and we must presume that these omissions are deliberate. *Cf. Fireman's Fund Cty. Mut. Ins. Co. v. Hidi*, 13 S.W.3d 767, 769 (Tex. 2000) (per curiam) ("When the Legislature has employed a term in one section of a statute and excluded it in another, we presume that the Legislature had a reason for excluding it."). A carrier's failure to comply with the rule may be a relevant factor in determining whether a beneficiary has good cause for filing a claim late, but there is no basis for concluding that the carrier's failure establishes good cause as a matter of law.

We conclude that the theories specified in the trial court's final judgment are not meritorious, and that Marta was not entitled to judgment as a matter of law.

### 3. Zurich is not entitled to judgment as a matter of law either.

Zurich also contends that the trial court erred by denying its motion for summary judgment. Zurich's motion was submitted on traditional and no-evidence grounds, and both of those grounds require us to consider whether Marta at least raised a fact issue as to good cause.

Good cause in this context is measured by whether the claimant has pursued the claim with such diligence as a reasonably prudent person would have used under the same or similar circumstances. *See Providence Lloyd's Ins. Co. v. Smith*, 828 S.W.2d 328, 329 (Tex. App.—Austin 1992, writ denied); *City of Houston v. Garrett*, 816 S.W.2d 800, 802 (Tex. App.—Houston [14th Dist.] 1991, writ denied). Generally, the question of diligence is one of fact; however, when the evidence viewed most favorably to the claimant negates good cause, the question becomes one of law. *See Hawkins v. Safety Cas. Co.*, 146 Tex. 381, 207 S.W.3d 370, 371–72 (1948); *Maryland Cas. Co. v. Kemp*, 382 S.W.2d 322, 324 (Tex. Civ. App.—Houston 1964, writ ref'd n.r.e.); *U.S. Fid. & Guar. Co. v. Herzik*, 359 S.W.2d 914, 916–17 (Tex. Civ. App.—Houston 1962, writ ref'd n.r.e.).

Marta responded to Zurich's motion with an affidavit, which set forth the following facts regarding her claim of good cause. Marta testified that she initially did not know why her husband died, but she believed that the death might have been the result of bad health care. She used a lawyer referral service and found a lawyer who agreed to represent her in a potential medical malpractice case. Through all of 2010, she did not receive a single letter or speak to a single person from Zurich or the Division. She contacted a new lawyer on June 20, 2011, and she filed her claim for death benefits the very next day.

Marta testified that she has a limited sixth grade education from El Salvador, and that she does not read or speak English. She also testified that she believes she has good cause for filing a late claim because she was never provided any information about filing a claim from either Zurich or the Division. She also believed that Zurich misled her by not informing her that the death was work-related and that she may be entitled to benefits.

Zurich argues that all of these factual excuses amount to a claim of ignorance of the law, which does not demonstrate good cause.

A workers' compensation claimant is presumed to know the law. *See Allstate Ins. Co. v. King*, 444 S.W.2d 602, 605 (Tex. 1969); *Garrett*, 816 S.W.2d at 802. Ignorance of workers' compensation law does not constitute good cause for delay in filing a claim. *See King*, 444 S.W.2d at 604–05 (ignorance of available workers' compensation benefits and related filing requirements does not excuse delay in filing claim); *Garrett*, 816 S.W.2d at 802 ("A workers' compensation claimant is presumed to know the law, and mere ignorance of the one-year filing requirement will not constitute good cause for delay."); *Dillard v. Aetna Ins. Co.*, 518 S.W.2d 255, 257 (Tex. Civ. App.—Austin 1975, writ ref'd n.r.e.) (same).

21

*King*, *Garrett*, and *Dillard* are cases brought by an injured worker, rather than a beneficiary, and they all predate rule 132.17, which was adopted to aid beneficiaries in asserting their claims timely. The plain language notice required by the rule and approved by the Division clearly informs a claimant of the need to file a claim within one year of the date of death.[9] Zurich did not provide that notice, and even though the Division had not yet approved a form by the time of Encarnacion's death, Zurich produced no evidence that it was unable to notify Marta due to the lack of a form. Although Zurich's failure to give notice does not establish good cause for Marta's late filing as a matter of law, it is a factor to consider in the good-cause analysis.

Marta testified by her affidavit to another fact that raises a fact issue of good cause for late filing. Marta testified that her husband suffered burns, was treated, and then returned home. He died at home over a month later. She testified that he did not appear to have died from anything to do with the burn injuries. Case law has recognized that a claimant may have good cause for late filing when the claimant did not know that the death was work-related. *See Davis v. Tex. Emp'rs Ins. Ass'n*, 516 S.W.2d 452, 454–56 (Tex. Civ. App.—El Paso 1974, no writ); *Allstate Ins. Co. v. Maines*, 468 S.W.2d 496, (Tex. Civ. App.—Houston [14th Dist.] 1971, no writ); *Hurd v. Republic Underwriters*, 105 S.W.2d 428, 429 (Tex. Civ. App.—El Paso 1937, writ dism'd).

Indeed, Zurich contested that Encarnacion's death was work-related within sixty days of Encarnacion's death. Zurich never withdrew this contest and only admitted compensability during the BRC in November 2011, some eighteen months after Encarnacion's death. Zurich did not negate Marta's claim of good cause. A fact issue remains.

---

[9] The notice provides the following (with emphasis in the original): "Send the DWC042 form **no later than one year after the employee's death** to the Texas Department of Insurance, Division of Workers' Compensation (DWC). Instructions for how to send the form to DWC are on the form."

## IV.   CONCLUSION

We affirm the portion of the trial court's judgment that dismisses on jurisdictional grounds Marta's claims for declaratory judgment. We also affirm the portion of the trial court's judgment that denies Marta's motion for summary judgment on the issue of tolling. We reverse the remaining portions of the trial court's judgment and remand the case back to that court for additional proceedings consistent with this opinion. Our resolution of these issues makes it unnecessary for us to address Zurich's complaint about Marta's attorney's fees because these fees "shall be payable from the claimant's recovery." Tex. Lab. Code § 408.221(b).


/s/     Tracy Christopher
        Justice


Panel consists of Justices Christopher, Donovan, and Jewell. (Jewell, J., concurring and dissenting).